338 So.2d 584 (1976)
STATE of Louisiana, Appellee,
v.
Irvin Joe CROSBY and Jimmy Andrew Mamon, Appellants.
No. 57513.
Supreme Court of Louisiana.
September 13, 1976.
Rehearing Denied October 15, 1976.
Dissenting Opinion November 3, 1976.
*586 Paul H. Kidd, Kidd, Katz & Strickler, Monroe, for Jimmy Andrew Mamon, defendant-appellant.
Joseph A. Reeves, Jr., Emmons, Henry & Reeves, Jonesboro, for Irvin Joe Crosby, defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants pleaded guilty, conditioned upon appellate review of their complaints of prejudicial pre-plea rulings which (they allege) impaired their ability to present an adequate defense. The guilty plea was accepted by the trial court with that reservation of appellate review, the court thus approving the plea bargain to that effect between the prosecutor and the defense counsel.
The chief issue of these appeals is whether, under these circumstances, the defendants may have appellate review of their assignments of error, insofar as based upon pre-plea rulings by the trial court, and a reversal of their convictions if prejudicial error is shown.

I.
A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Torres, 281 So.2d 451 (La.1973); State v. Foster, 263 La. 956, 269 So.2d 827 (1972).
Here, however, the accused expressly did not waive their right to appellate review of non-jurisdictional trial error which (they contend) made useless any continued trial of their defense. Their plea of guilty was entered upon the express plea bargain that they did not lose their right to appellate review of such error.
If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas. The plea could not therefor be characterized as voluntary, because of the non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the plea was obtained. State v. Baudoin, 334 So.2d 186 (La.1976); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).
In State v. Torres, 281 So.2d 451 (La. 1973), we held that, despite the allegation *587 of such a plea bargain, we would not on direct appeal review the pre-plea errors urged as a basis for reversal. However, we expressly noted, 281 So.2d 454, 456, that the accused was entitled to post-conviction review and relief if the plea was involuntary by reason of his mistaken belief that he was entitled to appellate review of the voluntariness of his confession, the principal error there alleged. Further, distinguishably from the present case's express plea bargain, in Torres we found that the appeal-record did not demonstrate that the plea bargain was conditioned on the accused's right to obtain appellate review of the constitutional invalidity of (what the state there stipulated to be) the principal evidence against him.

II.
We are therefore for the first time faced with an instance where, on an appeal from a conviction through an accused's plea of guilty, the plea of guilty is shown by the record to have been expressly conditioned (and so accepted by the trial court) upon the accused's right to obtain appellate review of pre-plea rulings urged as reversibly erroneous.

III.
If we rigidly apply the judicially-created doctrine that a plea of guilty waives all but jurisdictional defects in the prosecution, then (as noted earlier) we must order the plea vacated as involuntary and remand for a new trial, without considering whether in fact prejudicial error had actually occurred. However appropriate a resolution this might be under some circumstances, in the present situation (unless required by law) the vacation of the plea and the remand for a new trial represents a wasteful use of judicial and legal resources and an inefficient method to review the contentions of the accused that their conviction is based upon constitutional deprivation and improper state conduct:
If we follow this rigid approach of refusing to review the assignments of error (and consequently vacating the guilty pleas), then for us to afford review the state must retry the defendants, in order for them to preserve once again their contentions of error and present them to us once again, if convicted, for our consideration of them on their merits. This, despite the accused's admission of their factual guilt and their satisfaction with the sentence imposed (providing that their contentions of illegal evidence or improper state action are reviewed on appeal and found not to possess reversible merit). This, despite the circumstance that the prosecutor concurred in the plea bargain by which the defendants reserved their right to appellate review of their assignments of error, and despite the acceptance by the trial court of the pleas of guilty based upon this reservation.
Of course, if not permitted by law to review the assignments of error, we have no alternative but to follow such an inefficient and hypertechnical procedure, thus forcing the state, the defendants, the jurors, and the witnesses to undergo the delay and expense of a new trial in order finally to present to us for review the assignments of error now ripe for our present decision: Offering defendants who admit their factual guilt an opportunity to escape an unfavorable verdict, and likewise opening up the possibility (if there is merit in the defendants' assignments of error) of a subsequent reversal and yet a third trial on the charges now before us.
Undoubtedly, legal issues aside, the most practical and fair disposition indicates, under the present circumstances, that we should review the assignments of error now, if empowered to do so, and either reverse the convictions and remand for immediate re-trial or else affirm the convictions and terminate the legal proceedings if no reversible error is presented to us.

IV.
The ultimate issue remains: Are we empowered to review the pre-plea rulings, properly reserved at the time and at the plea of guilty; or must we set aside the *588 pleas and remand for new trial, upon our finding that we have no discretion that permits us to review the assignments of error?
For the reasons more fully articulated below, we have determined that we are not barred from reviewing the assignments of error specifically reserved at the time of the plea of guilty, where the trial court accepted the plea of guilty so conditioned (which the court had discretion to refuse, if proffered upon such reservation).

V.
The narrow issue before us is whether, on an appeal from a conviction and sentence founded upon a plea of guilty, this court may consider an assignment of error properly reserved for review at the time of (a) the trial court ruling, (b) the plea of guilty, and (c) the appeal.
We find no statutory or constitutional bar to our doing so. In criminal proceedings, final judgments are appealable, La.C. Cr.P. art. 912 A, and the defendant has a statutory right to appeal a judgment which imposes a sentence upon him, La.C.Cr.P. art. 912 C. A sentence may be based either upon a verdict or a plea of guilty. La.C. Cr.P. art. 872(3). Unless waived by the appellant, an error properly reserved by an assignment of error "shall be considered on appeal." La.C.Cr.P. art. 920.

VI.
Nevertheless, by judicially-created principle, a defendant normally waives any non-jurisdictional error by his plea of guilty. Under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof either by appeal or by post-conviction remedy.
See: State v. Torres, 281 So.2d 451 (La. 1973); State v. Foster, 263 La. 956, 269 So.2d 827 (1972); State ex rel. Jackson v. Henderson, 263 La. 797, 269 So.2d 248 (1972); State v. Coats, 260 La. 64, 255 So.2d 75 (1971); State v. Valentine, 259 La. 1019, 254 So.2d 450 (1971); State v. Bergeron, 152 La. 38, 92 So. 726 (1922).[1] See also: Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (grand jury venire); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970) (initially coerced confession, but voluntary plea a month later); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (same issue as in Parker); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (fear of death penalty did not invalidate voluntary plea). But cf., Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).
However, even an unqualified plea of guilty does not preclude review of what are regarded as "jurisdictional" defects those which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged. These include, for example: the lack of jurisdiction of the sentencing court, La.C.Cr.P. art. 362(1); the conviction represents double jeopardy, La.C. Cr.P. art. 362(2), State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974); Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); the prosecution, when instituted, had prescribed, La.C.Cr.P. art. 362(7), see also State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974); the state lacked constitutional or legal power to try the accused for the offense charged, Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); State ex rel. Jackson v. Henderson, 283 So.2d 210 (La. 1973); the statute under which the prosecution is brought is unconstitutional, State v. Bergeron, 152 La. 38, 92 So. 726 (1922); the charge brought by the indictment does not constitute a crime, State v. Watson, 41 La. Ann. 598, 7 So. 125 (1889); certain types of patent error preventing conviction for the offense, La.C.Cr.P. art. 920(2), see indicative listing at State v. Guillot, 200 La. 935, 9 So.2d 235, 239 (1942).
We do not intend to disturb any of the above jurisprudential principles by our ruling *589 today (see below) that we will, upon the circumstances shown by this appeal, review the assignments of error as to pre-plea rulings, rather than vacate the pleas and remand for a new trial.

VII.
The problem we here face is not peculiar to Louisiana. The dilemma of the unfulfilled plea bargain, whereby the court must vacate the plea or grant specific performance of the unfulfilled condition, does not arise solely where the bargain is for appellate review, see Bond, Plea Bargaining and Guilty Pleas, Sections 7.18, 7.19 (1975), although it has arisen as to this issue also, Bond, Section 7.22[2]. The merits and demerits of permitting the appeal of non-jurisdictional defects, despite a plea of guilty, have been considered in other jurisdictions and by leading scholars and practitioners in the field of criminal justice. Bond, Sections 7.22[3], [4].
The administration of criminal justice has in the past decade been subjected to extensive study and evaluation by national institutional groups, such as the American Bar Association and the National Conference of Commissioners on Uniform State Laws. These groups have recommended standards and procedures intended to improve the efficiency and fairness of our justice system, and to reform the sometimes archaic, inefficient, and hypertechnical principles of our ancient criminal procedures insofar as based upon the different historical conditions of other times.
Among the recommended reforms is to permit the appellate review, at least under limited conditions, of non-jurisdictional errors, despite a plea of guilty.
The Uniform Rules of Criminal Procedure, National Conference of Commissioners on Uniform State Laws (1974), provide both for appellate review of certain pre-trial rulings where the conviction is founded upon a plea of guilty, Rule 444(d),[2] as well as that a condition of the plea bargain may be that the defendant waive his right to seek appellate review of such pre-trial rulings, Rule 443(a).[3]
Likewise, the American Bar Association Standards for Criminal Justice Relating to Criminal Appeals (1970) recommend that a defendant should have the right to seek review of a conviction founded upon his plea of guilty or nolo contendere. Standard 1.3(a)(iii). Commentary (c) to this standard notes: "* * * there is great value in modifying the traditional view that a plea of guilty waives all non-jurisdictional defects which could be waived by a pre-trial defensive motion. * * * Where, under defense strategy, the only litigable question arises before trial, it is wasteful to force a sham trial in order not to have a forfeiture of appellate review. * * *."
For reasons similar to those expressed by the commentaries, at least three American jurisdictions have specifically provided that even an unqualified plea of guilty[4] does not waive review of a pretrial ruling which refuses to suppress evidence as illegally seized. California Penal Code, Section 1538.5(m) (1970); N.Y. Criminal Procedure Law, Section 710.70(2) (1970); Wisconsin Statutes Annotated, Section 971.31(10) (1969). (In Wisconsin, the unqualified plea of guilty likewise permits review of the denial of a motion challenging the admissibility of a statement by the defendant.) *590 The practice in these states has generally received professional and scholarly approval and has successfully achieved the intended aims. See commentaries to Uniform Rules of Criminal Procedure and American Bar Association Standards, above cited; 1 Wright, Federal Practice and Procedure 381-82 (1969); Bond, Plea Bargaining and Guilty Pleas, Section 7.22 (1975); Comment, Appellate Review of Constitutional Infirmities Notwithstanding a Plea of Guilty, 9 Houston L.Rev. 305 (1971). See also, e. g., United States v. Clark, 459 F.2d 977 (CA 8, 1972); United States ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209 (CA 2, 1967).
To permit review of non-jurisdictional defects, appeals from guilty pleas, has also been criticized. See e. g., United States v. Sepe, 474 F.2d 784 (CA 5, 1973); United States v. Cox, 464 F.2d 937 (CA 6, 1972). The chief arguments against such a procedure are: it compromises the finality of the guilty plea; it permits an admittedly guilty defendant to reap the benefits of a guilty plea, yet preserves his right to have his conviction set aside on appeal; and it may force the courts to decide constitutional issues which may not actually arise during the trial or which, if they do, may represent harmless error in the light of the full trial record.
Yet, despite disapproval or doubt as to the practice, in at least several instances the appellate court has reviewed assignments of error, when the plea of guilty was conditioned upon their appellate review, rather than vacate the plea (because of the nonperformance of the plea bargain) and remanding for a full trial. United States v. Caraway, 474 F.2d 25 (CA 5, 1973) (decisions to this effect collected at 474 F.2d 28); United States v. Cox, 464 F.2d 937, 946 (CA 6, 1972); Nickels v. State, 545 P.2d 163 (Alaska, 1976).

VIII.
As we earlier noted, no statutory or constitutional bar prevents our review of the assignments of error here presented to us. If we do not review them, we must order the vacation of the pleas of guilty and a remand for new trials, since the pleas were expressly volunteered on the basis that such review would be afforded.
Our review of the assignments, if indeed prevented, would be barred only by a rigid application of the judicially-created doctrine of waiver of non-jurisdictional defects when reviewing convictions based on guilty pleas. However, this doctrine itself arose only in the context of an un qualified guilty plea, where the defendant did not (or was not permitted to) reserve his appellate rights as to pre-plea rulings.
We have determined that, under the circumstances presented to us, we will review the assignments of error here presented. Nothing in our laws prevents such a sensible procedurea quick and effective method of saving courtroom time and obtaining review of the only disputed legal issues.
Before reviewing the assignments here presented to us, however, we deem it appropriate to discuss principles of appellate review applicable to reviews of convictions based upon assignments of error reserved (with the approval of the trial court which accepts the plea) at the time the defendant pleads guilty.

IX.
Principles Applicable to Appellate Review of Assignments of Error Reserved at the Time of the Plea of Guilty
Among the principles we deem applicable to review of assignments of error reserved at the time of a plea of guilty are:
1. As in other instances of a qualified plea of guilty, the trial court has very great and virtually unreviewable discretion to reject rather than accept a guilty plea conditioned upon reservation of appellate review of pre-plea assignments of non-jurisdictional error. See: State v. Green, 221 La. 713, 60 So.2d 208 (1952); Bond, Plea Bargaining and Guilty Pleas, Section 6.18 (1975); but cf., United States v. Ammidown *591 162 U.S.App.D.C. 28, 497 F.2d 615 (1974), noted, 20 Wayne L.Rev. 1359 (1974).
2. The functional purpose involved is to permit a fair and efficient method to review a central issue of a trial and a prosecution, in instances where the pre-plea ruling, if erroneous, mandates a reversal of any conviction which may result. The trial court discretion, in accepting a conditioned plea or a plea bargain of the nature at issue, should be exercised in the light of this purpose.
3. The normal function of the procedure is to avoid the delay of a trial on the merits (and the useless cost to the judicial system, the witnesses, the jurors, and the accused) by affording immediate review, without a trial of the merits, of a pre-trial ruling which, if correct, permits the trial or the introduction of evidence which will substantially contribute to a conviction (and which, if incorrect, mandates reversal upon introduction of the evidence). The type of error usually here assigned represents a violation of a constitutional or statutory right which, for reasons beyond guilt or innocence, would mandate a reversal of any conviction resulting from a trial. When a conditioned plea is accepted reserving an assignment of error as to a pre-trial ruling of this nature, we will assume that the evidence questioned is of this prejudicial nature and will be offered at the trial, unless the record prior to the plea demonstrates otherwise.[5]
4. Normally, the trial court will not accept a plea of guilty conditioned upon review of procedural irregularity occurring after the trial has commenced or evidentiary rulings therein which do not go to the heart of the prosecution's case. Of this nature also, are pre-trial rulings which affect the conduct of the trial but which do not substantially relate to guilt, such as the denial of a continuance or of a severance.
Since a plea of guilty by its nature admits factual guilt and relieves the state of the necessity to prove it by a contested trial, assignments based upon incidents relating to procedural conduct of the merit-trial will be reviewed (if permitted to be reserved, as in the present case) upon the assumption that they represent harmless error, La.C.Cr.P. art. 921, unless the record clearly demonstrates otherwise. Once the trial has started, a defendant who complains only of errors of this nature should normally be required to continue with the trial until verdict; he should not be able to obtain a reversal, despite his admitted guilt, because an incidental ruling may be erroneous but might not in the light of a full trial record constitute a cause for reversal.
5. If the prejudicial error is not patent on the face of the record, a defendant who pleads guilty waives his right to obtain appellate review of contended-error if he does not object to it at the time it occurs or perfect an assignment of error or take other procedural step required to preserve it for consideration by this court upon his appeal. State v. Spain, 329 So.2d 178 (La.1976); State v. Knighten, 320 So.2d 184 (La.1975); State v. James, 260 La. 423, 256 So.2d 430 (1972); State v. Marcello, 152 La. 727, 94 So. 370 (1922).
6. Analogously, a defendant will also waive his right to review of a non-jurisdictional pre-plea trial ruling unless, at the time of his plea, he expressly stipulates that he does not waive his right to review of it, the normal consequence of a guilty plea. (In the light of this reservation, of course, the trial court may or may not exercise its discretion to accept the plea.) As in other jurisdictions which permit the practice, where the issue is presented, the prosecutor may validly require the waiver of appellate review of non-jurisdictional preplea rulings or conduct as a condition of a plea bargain.
*592 7. Finally, in our review of preplea rulings or conduct, we may vacate the plea and remand for a new trial if we are not able, in the light of the above principles, to make adequate review of the assignments presented to us.
The principles noted above are designed to facilitate use of the conditioned plea only to those instances for which designed, to secure review of what is believed to raise an issue of fundamental error of a nature that mandates reversal of any conviction which might result after a trial on the merits. The principles are also designed to avoid the possible abuses of the procedure suggested by its informed critics, by discouraging frivolous reservations of appellate review on the part of the defense or easy acquiescence in such reservations by the court and the prosecutor.

X.
The Present Case
The defendants Crosby and Mamon were indicted for first-degree murder, a capital offense. La.R.S. 14:30 (1973). At the completion of the state's case, the defendants were permitted to plead guilty to second degree murder, La.R.S. 14:30.1 (1973), but to reserve their right to appeal the pre-plea rulings of the trial court to which they objected. They were sentenced to life-imprisonment, the maximum penalty for the lessor offense to which they pled.
The plea bargain (approved by the trial court, in the accepting the pleas) purporting to confer appellate rights is reduced to writing and made part of this record. Conformably thereto, the following assignments are presented to us for review by formal assignment and argument to this court:[6]
1. The denial of the motion to quash the indictment, on the ground that the statute charging first-degree murder, La.R.S. 14:30 (1973), is unconstitutional in that it imposes the death penalty (Assignment No. 1, Mamon, Crosby): Since the defendants were not convicted of violating that statute, but instead pleaded guilty to second-degree murder, La.R.S. 14:30.1 (1973), the assignment is without merit. See also Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
2. The denial of a motion to suppress, as illegally seized, a shirt taken from the residence of a codefendant. (Crosby Assignment No. 2): The evidence shows that the defendants Crosby and Mamon came to Mamon's residence, where in the presence of Mamon's half-brother, Milton Campbell, they took off some clothes and gave them to him to dispose of. The clothes included the complaining defendant Crosby's shirt. Subsequently, after Mamon's automobile was connected with the murders, the occupants of Mamon's home were questioned. During his recorded interrogation, Campbell informed the officers that Crosby had left a shirt with him. The preponderance of the evidence shows that Campbell voluntarily turned the shirt over to the officers. In view of this voluntary surrender of the shirt by its custodian with dominion to do so, we find no merit to this assignment.
3. The remaining assignments present issues concerning trial court's rulings affecting the conduct of the trial. They concern alleged evidentiary rulings or procedural irregularities. A review of the record does not negate that, even if erroneous, for purposes of our present review they were at the most harmless under the circumstances of the state's case, which aside from the contended errors strongly proves *593 the defendant's guilt. They are therefore without merit.[7]

Decree
For the reasons assigned, we affirm the convictions and sentences.
AFFIRMED.
SANDERS, C. J., dissents and assigns written reasons.
SUMMERS, J., dissents and assigns written reasons.
MARCUS, J., dissents.
SANDERS, Chief Justice (dissenting).
Defendants, Irvin Joe Crosby and Jimmy Andrew Mamon, were charged by grand jury indictment with the first-degree murder of two persons, a violation of LSA-R.S. 14:30. The defendants filed several pretrial motions, which the trial judge overruled, and made various objections during the trial. At the close of the State's evidence, defendants were allowed to plead guilty to second degree murder, reserving their right to appeal the rulings of the trial court made prior to their guilty pleas. Pursuant to the plea bargain, defendants now appeal to this Court, relying upon several assignments of error for reversal of their convictions and sentences.
It is well settled that a plea of guilty waives all non-jurisdictional defects prior to the plea. State v. Torres, La., 281 So.2d 451 (1973); State v. Foster, 263 La. 956, 269 So.2d 827 (1972); State v. Valentine, 259 La. 1019, 254 So.2d 450 (1971); Tollett v. *594 Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).
Here, the State had completed its case against the defendants before the guilty plea was entered. Under the rule, we cannot review for non-jurisdictional defects that occurred either before or during the trial. Of special significance here is the circumstance that the conviction resulted from the plea of guilty, not from the trial.
It is true that the plea bargain between the prosecutor and the defendants provided for appellate review of the several defense contentions. In my opinion, however, the scope of appellate review in this Court cannot be altered by such an agreement.
Although the majority stresses judicial economy, I do not believe that the decision promotes this laudable objective. Here, the district court held an incomplete trial but, despite guilty pleas to a lesser included offense, the defendants get full appellate review in this Court. Under these procedures, the guilty defendants get the best of both worlds to the prejudice of the already congested court dockets.
For the reasons assigned, I respectfully dissent.

ON REHEARING
PER CURIAM.
The motion to quash was properly overruled. Roberts v. Louisiana, ___ U.S. ___, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) did not hold unconstitutional the Louisiana first degree murder statute, only the death penalty under that statute.
Rehearing denied.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.
NOTES
[1] Also: State v. Frank, 310 So.2d 110 (La. 1975); State ex rel. Smith v. Henderson, 284 So.2d 772 (La.1973); State v. Barber, 262 La. 443, 263 So.2d 719 (1972).
[2] Rule 444(e) provides, as to the effect of a plea of guilty: "The plea bars an appeal based upon any non-jurisdictional defect in the proceedings, but an order denying (1) a pretrial motion to suppress evidence, or (2) any pretrial motion which, if granted, would be dispositive of the case, may be reviewed on appeal from an ensuing judgment of conviction."
[3] Rule 443(a)(4) provides:

"(a) Agreements permitted The parties may agree that the defendant will plead on one or more of the following conditions: * * *
"(4) That the defendant will not seek appellate review, as permitted under Rule 444(d), of an order denying a pretrial motion."
[4] However, waiver of the right to appeal such pretrial ruling may be a valid condition to acceptance of the plea. People v. Williams, 36 N.Y.2d 829, 370 N.Y.S.2d 904, 331 N.E.2d 684 (1975).
[5] The typical pre-trial ruling so reviewed in other jurisdictions is the denial of a motion to suppress evidence or a confession or statement as unconstitutionally or illegally obtained and thus not admissible. Occasionally, the motion to suppress, required to be filed pre-trial, is not filed until during the trial; but the principle of review will in such case be the same as if the ruling were made to a pre-trial motion.
[6] Some of the defendant's assignments of error formally made, see Tr. 75 and 77, were not argued, and some of the arguments concern trial rulings which were not made by the formal assignments of error. Unless both assigned and argued, the alleged errors are deemed waived, under usual principles of appellate review. (We further note that none of the waived or non-assigned alleged errors present any issue indicating prejudicial or reversible error.) In the text of our opinion, we adopt the numeration of the assignments in the record, Tr. 75 and 77, rather than in the briefs.
[7] The other assignments are of the following nature:

1. The state's introduction of an inculpatory statement without compliance with the pre-trial notice of such intent required by La.C.Cr.P. art. 768 (Mamon 3): The Williams' statement concerned a remark of one defendant to the other prior to the offense; it is not regarded by our jurisprudence as governed by the notice requirement of the code. Aside from this, however, this type of technical objection will, upon our review after a guilty plea, normally be regarded as a merely procedural irregularity which does not affect the determination of guilt nor result in reversible error.
2. The admission of allegedly gruesome photographs showing the condition and location of the victims when found. (Crosby 6): Again, aside from the lack of factual and legal merit to the assignment, this type of evidentiary ruling during the trial is assumed to be harmless unless the record demonstrates to the contrary, for purposes of the present review.
3. The trial court allegedly forced the defendants to stipulate that the killings occurred in the parish of the prosecution, thus depriving the defendants of their opportunity to question the essential proof of venue (Mamon 5, Crosby 5): This assignment arose when the defendants strenuously objected to the admission of certain color photographs in connection with a physician's testimony that, based upon the bleeding shown by them, that the deaths must have occurred near the place the bodies were found. In return for the agreement of the prosecution not to exhibit these photographs to the jury, the defendant conceded the venue of the crime (out of the presence of the jury). The defendants' voluntary agreement, in return for the prosecutor's agreement not to exhibit admissible and relevant photographs to the jury, would prevent the assignment from representing error even if urged after conviction by a jury. However, on review after a plea of guilty, this type of alleged trial error is regarded as harmless, being peripheral to the issue of the accused's guilt or to the essential fairness of the trial.
4. The denial of defendant Crosby's motion to sever his trial from Mamon's, on the ground that he would be deprived of cross-examination of his codefendant Mamon if, pursuant to its intent, the state introduced evidence of an oral inculpatory statement made to Milton Campbell by Mamon (Crosby 4): Again, this is a type of procedural irregularity which is presumed to be harmless on a review of this nature. For example, since the plea of guilty was entered at the conclusion of the state's case, the record does not demonstrate that in fact Crosby was deprived of a failure to cross-examine Mamon (the only basis urged for the motion to sever) by the failure to grant the motion, since we do not know if Mamon would have taken the stand if the trial had continued. If it were pertinent to this review, we might also note that the assignment is without merit: The evidence shows that Mamon's statement to Campbell, which inculpated both Mamon and Crosby, was made in the presence of Crosby and is thus independently admissible against the latter, State v. Sharbino, 194 La. 709, 194 So. 756, 759 (1940), without violating any constitutional right to cross-examination of the declarant, see Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).