420 So.2d 1099 (1982)
STATE of Louisiana
v.
James A. MOORE.
No. 82-K-1234.
Supreme Court of Louisiana.
October 18, 1982.
Patrick H. Wright, Jr., Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Michael J. Fontenot, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant James A. Moore is before this Court on writs, granted to review the trial court ruling denying his motion to quash the bill of information charging him with driving in violation of a habitual offender judgment.
On June 20, 1978 judgment was rendered in State of Louisiana v. James A. Moore (No. 118,375) adjudging him to be an habitual offender as defined by La.R.S. 32:1472. Accordingly the defendant was prohibited from driving upon the roads, streets and highways of this state for a period of five years.
On February 22, 1982, defendant James A. Moore was charged by bill of information with the crime of driving after having been adjudicated a habitual offender in violation of La.R.S. 32:1480. On April 7, 1982, defendant filed a motion to quash the bill of information on the grounds that defendant was not properly Boykinized before entering the guilty pleas to the three DWI convictions which were used to support the habitual offender adjudication. The bill of information was amended on May 5, 1982 *1100 and the motion to quash was taken under advisement on May 10, 1982. On May 11, 1982, the motion to quash was denied. On that same day, counsel for the defendant gave oral notice of his intent to apply for writs to this Court and was granted a stay order by the trial court pending action by this Court.
On June 11, 1982, this Court considered defendant's writ application and granted it. 415 So.2d 949. Notice of the action taken on defendant's writ was mailed to the attorneys of record and to the district court. That notice was received in the district court and filed in the record on June 14, 1982. Thereafter, on June 23, 1982, defendant appeared in court and, pursuant to a plea bargain, pled guilty to the crime of attempting to drive in violation of the habitual offender judgment. Defendant was sentenced to serve six months in the Ouachita parish jail, the sentence to run concurrently with another sentence imposed in a different matter. On July 28, 1982 defendant's sentence was amended and he was released from prison and placed on supervised probation for six months provided that he commit himself to a specified alcohol treatment facility and that he remain there until he successfully completes the in-patient alcohol treatment program.
On September 3, 1982, the State of Louisiana filed a motion to dismiss these proceedings in this Court, contending that the issue upon which writs had been granted was mooted by the defendant's later entry of a guilty plea to a reduced charge without even attempting to reserve the right to have his granted writ decided in this Court. The state's motion to dismiss was referred to the merits and the case was submitted here on briefs.
It is well settled that entry of an un qualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof either by appeal, or where appeal is unavailable, by supervisory review. In State v. Crosby, 338 So.2d 584 (La.1976) this Court held that where a defendant, at the time of entering a guilty plea, expressly stipulates that he does not waive his right to the review of a non-jurisdictional pre-plea ruling, this Court will review that ruling.
In the present case defendant did not expressly stipulate that he was reserving his right to review at the time he entered his guilty plea. It appears from the record of the guilty plea proceedings that defendant entered an unqualified plea of guilty to a reduced charge. Normally that would conclude the matter. The entry of an unqualified plea would be deemed a waiver of all non-jurisdictional defects. Defendant argues, however, that his having secured, pre-plea, a writ grant from this Court on the ruling denying his motion to quash the information, implies that his plea was made with a reservation of the right to have this Court rule on the matter.
This position is not supported by the record. If anything, the implication to be drawn is just the reverse. Pursuant to a plea bargain agreement, the state agreed to reduce the charges against defendant to attempt to drive in violation of the habitual offender judgment (which automatically reduces the mandatory one year prison sentence for the original charge by one-half) in return for defendant's guilty plea to the reduced charge. Furthermore, defendant had ample opportunity to expressly reserve his right to have the issue in his granted writ application reviewed, but instead said nothing when the trial judge explained to him that he was waiving his "right of review to a higher court" by pleading guilty. Under these circumstances, we find that the defendant waived his right of review of non-jurisdictional defects when he entered his unqualified guilty plea to the reduced charge.

Decree
For the foregoing reasons, the state's motion to dismiss this matter in this Court as moot is granted. The writ is recalled.
MOTION TO DISMISS GRANTED; WRIT RECALLED.