GAUDIN, Judge.
Appellant is Blaine Meredith, who was sentenced to three years in parish prison *1208 for simple burglary and six months in parish prison for attempted theft, the latter sentence to run concurrent with the former. Meredith argues on appeal that the trial judge did not comply with LSA-C. Cr.P. art. 894.1.
Initially, we note that Meredith does not contend that his sentences were constitutionally excessive, which should preclude further consideration.
However, we have examined further, finding:
(1) That the three-year sentence was the result of an intelligently entered into plea bargain in which (a) the trial judge at considerable length explained to Meredith all of his rights and (b) the District Attorney agreed not to multiple bill appellant because of his previous criminal activities;
(2) That Meredith, who had a 10th grade education, indicated that he fully understood the proceeding;
(3) That appellant was advised by the trial judge that although the maximum penalty was 12 years the sentence to be imposed would be only three years; and
(4)-That the trial judge did comply with Art. 894.1, stating, among other things, that “... the defendant is in need of custodial environment as it might help him.”
Paragraph A(2) of Art. 894.1 reads:
“When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
“(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.”
Finally, we are mindful of State v. Bell, 412 So.2d 1335 (La. 1982), in which the Supreme Court of Louisiana stated:
“... that where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by art. 894.-1.”
We hesitate to say that this appeal is frivolous, as a person’s liberty has been temporarily taken away and Louisiana traditionally favors appeals. However, if ever the adjective fits, this is the case. We affirm the sentences imposed.
AFFIRMED.
BOWES, J., concurs with written reasons.