KLIEBERT, Judge.
On January 26, 1982, by bill of information, the defendant, Larry Jones, was charged with a violation of R.S. 14:62.2, i.e., simple burglary of an inhabited dwelling. Following a sanity hearing, on July 22, 1982 he was committed by the Court to the Feliciana Forensic Facility at Jackson, Louisiana. After having been found competent to stand trial and a motion to suppress the testimony of eye witnesses to the crime was denied, on December 2, 1983, while reserving his right to an appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976), he pleaded guilty to a violation of R.S. 14:69B(3), i.e., receiving a stolen thing valued in excess of $500.00 and was sentenced to five years imprisonment.
According to the testimony elicited on the motion to suppress, the defendant was seen by the victim’s next door neighbor with a bag he knew belonged to the victim. Another neighbor followed the person exiting the victim’s house to a house about three blocks away. The police were informed of the situation, searched the defendant’s residence and found stolen items belonging to the victim.
On appeal, defendant alleges one assignment of error, namely: the record contains errors patent on the face of the record; however, no specific error is pointed out.
Code of Criminal Procedure Article 920 provides:
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
We have thoroughly inspected the pleadings and proceedings in the record on appeal. Our inspection did not reveal any errors patent on the face of the record.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED