REDMANN, Chief Judge.
After the trial court denied his oral motion to quash, defendant pleaded guilty to a charge of theft of over $500, reserving under State v. Crosby, 338 So.2d 584 (La.1976), his right to appeal the ruling on the motion to quash.
Petitioner’s successor appointed counsel describes the basis of the motion to quash thus: “[D]efendant was accused of a scheme to defraud, and of the $590, only $240 was paid to the defendant in Orleans parish. As [La.R.S. 13:67] makes a distinction between felony thefts under $500 and felony thefts over $500, the defendant considered himself penalized by the cumulation of the amounts in a single prosecution in Orleans Parish.”
R.S. 14:67’s last paragraph provides for cumulation of amounts: “When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.” And C.Cr.P. 611 provides for prosecution in any parish in which any of the distinct acts occurred: “If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.” Under that law, it makes no difference that only $240 was paid to defendant in Orleans parish. The entire scheme is chargeable in Orleans parish. The trial judge therefore correctly denied the motion to quash.
Present counsel does not argue that the denial of the motion to quash was error. Instead he asks this court to review the record for errors patent. We have done so, despite Crosby’s underlying rule that a guilty plea waives all defects save jurisdictional ones. We find no errors patent.
AFFIRMED.