PRESTON H. HUFFT, Judge Pro Tem.
On January 24, 1984, the defendant, Lester Sumler, was charged by bill of information with being a convicted felon in possession of a firearm in violation of R.S. 14:95.-1. He was arraigned on February 3, 1984 and plead not guilty. However, on July 12, 1984 he withdrew this plea and entered an unconditional plea of guilty as charged. On August 13, 1984, he was sentenced to serve three years in the custody of the Louisiana Department of Corrections. On the day of sentencing, he moved for an appeal of the denial of the motion to suppress the evidence.
The defendant assigns as error the trial court’s failure to grant his motion to suppress the evidence — a pistol, which fell from a van the defendant was driving as he pulled the van to the side of the street, jumped from it and fled on foot. However, a review of the transcript of defendant’s guilty plea discloses that he did not reserve his right to appeal when he plead guilty as provided for in State v. Crosby, 338 So.2d 584 (La.1976). Before he plead guilty, the trial judge advised the defendant that by pleading guilty he was “giving up [his] appeal rights” and the defendant indicated that he understood. In addition, the defendant signed and initialed a plea of guilty, waiver of rights form, which advised him of his waiver of his right to appeal. It was only on the day of sentencing, one month later, that any mention of appeal was made.
The Louisiana Supreme Court has held that an unqualified plea of guilty waives all non-jurisdictional defects “and precludes review thereof either by appeal or where appeal is unavailable, by supervisory review.” State v. Moore, 420 So.2d 1099, 1100 (La.1982). An appellate court may review only errors specifically reserved at the time of a guilty plea. Id.; State v. Crosby, supra at 588. The court in Moore held that because the defendant did not explicitly reserve at the time of entering the plea of guilty his right to *1109 appeal the trial court’s refusal to quash the bill of information against him, he had waived his right to appeal that decision. State v. Moore, supra.
In State v. Michael, 454 So.2d 847 (La.App. 5th Cir.1984), the defendant waived his right to appeal when he plead guilty, but at sentencing he filed a motion for appeal which was granted by the trial court. The appellate court refused to consider the defendant’s assignments of error dealing with pre-guilty plea rulings and held that a defendant must expressly stipulate at his guilty plea that he is reserving his right to appeal such rulings. Id. at 850. In State v. Barousse, 442 So.2d 1220 (La.App. 5th Cir.1983), the defendant made no reservation of his right to appeal when he plead guilty. In addition, he signed a plea of guilty waiver of rights form, which informed him of his waiver by his guilty plea of his right to appeal. The appellate court held that because the defendant had not reserved at his guilty plea his right to appeal the trial court’s denial of his motion to suppress the evidence, it could not review that lower court ruling. Id. at 1221.
Since the defendant, in this case, did not reserve his right to appeal the trial court’s denial of his motion to suppress at the time he entered his plea of guilty, this court is precluded from reviewing the trial court’s decision.
AFFIRMED.