SCHOTT, Chief Judge.
After his motion to suppress evidence was denied by the trial court defendant pled guilty to possession of a firearm as a convicted felon in violation of R.S. 14:95.1, reserving his right to appeal the denial of his motion in accordance with State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to three years at hard labor.
On the evening of June 2, 1988 Officers Davis answered a burglary call at a gasoline service station. The manager reported having seen a black male inside the building, but he could offer no further description of the intruder. While Davis was investigating on the inside of the building he found that someone had been there but had left. He heard a scream from behind the building, ran back there,- and saw some girls who told him they had seen a black male run from behind the building. He was wearing white pants and no shirt but he was carrying a shirt in his hand. Davis and his partner searched the area and a few minutes later they saw two black males four of five blocks from the station in the direction where the girls said the man had fled. One of the two men, the defendant, was wearing white pants and a shirt. The officers stopped them and upon frisking the defendant found a .38 caliber pistol in his waistband. When the defendant was brought back to the service station the girls said he was not the suspected burglar.
A police officer may stop a person in a public place whom he reasonably suspects has committed a crime. C.Cr.P. Art. 215.1. Defendant contends that the description of the intruder was so meager that it was insufficient to provide the officer with a reasonable basis for stopping him.
In this case the officer knew that a burglary had been committed at the service station. Under these circumstances he had only to determine whether the additional trustworthy information he obtained justified him as a person of ordinary caution to suspect defendant of the offense. State v. Bickkam, 404 So.2d 929 (La.1981). The girls’ description of the probable burglar as a black man wearing white pants matched the appearance of the defendant who was seen just a few minutes after the suspected *5 burglar ran from the station walking from the direction of the station just a few blocks away. These circumstances justified the stop under Bickham and the attendant search was reasonable.
State v. Cabler, 526 So.2d 1177 (La.App. 3rd Cir.1988) does not support defendant’s argument. There after being told by the victim that he was attacked by three “biker type fellows” with long hair the police proceeded to stop and search a group of persons who fit this vague description. Here the circumstances of the matching description between the suspected burglar and the person stopped and the proximity in time and place between the stop and the scene of the crime justified the stop. The motion to suppress was correctly denied.
In our review of the record for errors patent we find that the sentence is illegally lenient in that the trial court failed to impose the fine of $1,000 mandated by R.S. 14:95.1. However, we are prevented by State v. Fraser, 484 So.2d 122 (La.1986) from correcting this error.
The conviction and sentence are affirmed.
AFFIRMED.