GAUDIN, Judge.
Darnell Lane filed this Crosby[1] appeal after his motion to suppress evidence was denied and after his plea of guilty to possession of cocaine. He was sentenced to 21 months at hard labor to run concurrent with time being served because of a parole revocation. Lane participated in and apparently benefited from a plea bargaining process.
At the suppression hearing, the arresting police officer gave his reasons for pursuing and then arresting Lane. If the officer’s testimony is found valid and credible, as no doubt it was, the prosecution met its burden of showing that the arrest and search of Lane was with probable cause. Accordingly, the evidence seized was incident to the lawful arrest. See State v. Raheem, 464 So.2d 293 (La.1985); and State v. DeBlanc, 549 So.2d 1287 (La.App. 3 Cir.1989), writs denied at 558 So.2d 599 (La.1990).
While Lane did testify at the sentencing hearing, he did not testify when his motion to suppress was heard.
At the time of sentencing, Lane was not advised of the prescriptive period for post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). The trial judge is instructed to inform Lane of this article’s provisions by sending appropriate written notice to him within ten days of the rendition of this opinion and to file proof of receipt in the record of these proceedings.
REMANDED WITH INSTRUCTIONS, OTHERWISE AFFIRMED.

. State v. Crosby, 338 So.2d 584 (La.1976).