FREDERICKA HOMBERG WICKER, Judge.
12Pefendant appeals his conviction of one count of Manslaughter in violation of La. R.S. 14:31 and on one count of Aggravated Burglary in violation of La. R.S. 14:60. Defendant argues that the trial court erred both when it denied his motions to suppress and when it did not allow him to fully cross examine a witness regarding a prior addiction to pain killers. Because we find that defendant did not preserve these issues for appeal when he pled guilty, we reject defendant’s assignments and affirm his conviction.

FACTS AND PROCEDURAL HISTORY

On March 6, 2008, the Jefferson Parish Grand Jury indicted defendant, Eric Brown, on one count of second degree murder in violation of La. R.S. 14:30.1 and another count of aggravated burglary and La. R.S. 14:60, respectively. Defendant was arraigned the next day and pled not guilty. On December 15, 2008, and 13January 8, 2009, the trial court held hearings on defendant’s motions to suppress evidence and his statement. On January 20, 2009, the trial court denied those motions. Defendant’s motion to strike witness, Jason Barrette, was denied, and the State’s motion in limine to limit details of Barrette’s arrest was granted on March 10, 2009. On July 13, 2010, the trial court denied defendant’s motion re-urging the suppression of his statements.
The State’s motion in limine to exclude evidence regarding the investigation, arrests, and prescription drug use by Sheriffs Deputy Jason Barrette was granted by the trial judge on September 14, 2010. On October 5 and 6, 2010, the case proceeded to trial. On October 7 however, after opening statements but before the first witness was called, the State amended the charges against defendant to one count of Manslaughter in violation of La. R.S. 14:31 and one count of Aggravated Burglary in violation of La. R.S. 14:60.
Immediately thereafter, defendant withdrew his pleas of not guilty, and after being advised of his rights, pled guilty as charged to both counts. Defendant pled guilty pursuant to a plea agreement which provided that he would receive two concurrent 14-year sentences, with credit for time served, if he testified truthfully, and in accordance with the “Note of Evidence” taken that day, against his co-defendants at their future trials. Defendant’s plea agreement also provided that if defendant failed to testify as such, he would be re-sentenced to two concurrent 20-year sentences. At the conclusion of this hearing, the trial court sentenced defendant in accordance with this plea agreement.
After defendant’s plea and sentencing, he refused to cooperate and testify against his co-defendants in their trials. Therefore, on March 5, 2012, the trial court vacated the previous sentence and re-sentenced defendant to imprisonment at hard labor for 20 years on both counts, to run concurrently. On March 23, 2012, [4defendant filed a motion to reconsider sentence that was denied and a timely motion for appeal that was granted.
*763 Defendant now appeals, alleging that the trial court erred in denying his pre-trial motions to suppress evidence and his statement. He specifically contends that the evidence should be suppressed because the trial court manifestly erred in determining that his statements were voluntary. The State responds that defendant’s pleas were not entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and that defendant therefore waived his appellate rights by entering unqualified guilty pleas.

ANALYSIS

It is well settled that a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. Id. at 586. However, a defendant may be allowed appellate review if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. Under Crosby, supra, a defendant may reserve his right to appeal a prior adverse ruling of the trial court. A defendant who fails to specify which pre-trial ruling he wishes to reserve for appeal as part of a guilty plea entered under Crosby is not precluded from review altogether, but his appellate review may be limited in scope.
In the present case, the record does not reflect that defendant, who was represented by counsel, specified at the time he entered his guilty pleas that his guilty pleas were being made pursuant to Crosby. Instead, defendant pled guilty and agreed to serve 20 years if he refused to testify against his co-defendants and 14 years if he did testify against his co-defendants. Defendant signed a waiver of rights form and engaged in an extensive colloquy with the trial court regarding his guilty pleas and the rights he was waiving. Both the waiver of rights form and the colloquy are devoid of any suggestion that defendant’s guilty pleas were made |fisubject to the reservation of appellate review of the denial of defendant’s motions to suppress.
This Court has consistently held that a defendant’s failure to reserve the right to appeal under Crosby, at the time he enters his guilty plea, limits the scope of his right to appeal the trial court’s ruling. State v. Richardson, 09-714 (La.App. 5 Cir. 2/9/10) 33 So.3d 903, 907; State v. Michael, 454 So.2d 847, 850 (La.App. 5 Cir. 7/30/84). In the present case, defendant did not tender his guilty pleas pursuant to Crosby, and therefore, we find that defendant did, in fact, waive his right to appellate review of the arguments presented in this appeal.

ERRORS PATENT REVIEW

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). Our review reveals that there is sufficient evidence in the record to support defendant’s conviction and sentence and that there are no other errors patent.

CONCLUSION

For the foregoing reasons, we hereby affirm defendant’s conviction and sentence.

AFFIRMED