CARTER, Judge.
In this appeal, the trial court’s denial of a motion to suppress is contested.
FACTS
On the evening of January 14,1983, Officer Madeline Watson of the Baton Rouge City Police Department was assigned to a task force deployed to patdown patrons of various bars for weapons and narcotics. Defendant, Gay Garrett, was standing outside Yesterday’s Lounge when officers of the task force arrived to conduct patdowns of the patrons of the lounge. Defendant was taken inside the lounge where she -was searched by an unidentified officer, who took her purse and handed it to Officer Watson. When Officer Watson opened defendant’s purse to examine its contents, she discovered a bag containing what appeared to be marijuana atop the other contents of the purse. Defendant was then placed under arrest and Officer Watson conducted a further search of the contents of the purse. A small coin purse, located within the larger purse, was closely scrutinized, and a foil packet of tablets and two loose tablets were found. Officer Watson did not recognize the tablets as contraband and consulted with a task force sergeant, who identified the tablets as methaqualone (quaaludes). Defendant was thereafter transported to the police station and booked. Scientific analysis later conducted by the Louisiana State Police confirmed the identity of the tablets as the controlled dangerous substance, methaqualone.
Gay Garrett was charged by bill of information with possession of methaqualone, in violation of LSA-R.S. 40:967 C. The de *653 fendant filed a motion to suppress evidence, which was denied after a hearing on January 12, 1984. Defendant thereafter pled guilty as charged, reserving her right to appeal the trial court’s denial of the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976).
The court sentenced defendant to be confined in the custody of the Department of Corrections for a period of two years. Execution of the sentence was suspended, and defendant was placed on supervised probation for a period of five years conditioned upon payment of $82.50 to the Clerk of Court’s office, submission to examination and/or evaluation by the Baton Rouge Substance Abuse Clinic, and submission to periodic urinalysis at her own expense.
On appeal, defendant urges only one assignment of error, viz. that the trial court erred in finding that the warrantless search of defendant was lawful under provisions of Baton Rouge City Ordinance 13:95.3.
ARGUMENT
Defendant challenges the validity of the initial search of her purse, which resulted in her arrest. Defendant reasons that because that initial search was unlawful, the evidence later obtained in the search incident to her arrest must be suppressed, viz. the methaqualone.
A search conducted without a warrant is per se unreasonable, in violation of the Fourth and Fourteenth Amendments of the United States Constitution, unless it falls within one of the specifically delineated exceptions to the warrant requirement. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Turner, 392 So.2d 436 (La.1980). One exception to the general ban on searches conducted without warrants issued on probable cause permits a search if the subject voluntarily consents. Whether consent is voluntary is an issue of fact determined in light of the “totality of circumstances.” Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). When entrance onto premises is conditioned upon submission to the search of one’s person, the intrusion can not be upheld on the basis of implied consent absent posting of signs visible to those affected or some other form of communication setting forth such policy. See United States v. Doran, 482 F.2d 929 (9th Cir.1973); Collier v. Miller, 414 F.Supp. 1357 (S.D.Tex.1976). Any evidence obtained as a result of an unconstitutional initial search and unlawful arrest must be excluded at trial because it is considered “fruit of the poisonous tree”. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); State v. Landry, 414 So.2d 674 (La.1982). The exclusionary sanction applicable to “fruits” includes physical material actually seized in an illegal search. United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).
In the case sub judice, the state failed to sustain its burden of proving that defendant’s consent was freely and voluntarily given. The sole justification for the initial warrantless search of defendant’s purse was the implied consent provision of Section 13:95.3(b) of the Code of Ordinances for the City of Baton Rouge, Parish of East Baton Rouge, Louisiana,[1] made ap *654 plicable to the instant case because of defendant’s presence in a place “where alcoholic beverages are sold and/or consumed on the premises.” The testimony of Officer Watson revealed that a sign located inside Yesterday’s Lounge warned that by entering the premises an individual consented, in accordance with Section 13:95.-3(b), to a search of his person for any firearm or other instrumentality customarily used or intended for use as a dangerous weapon. However, reliance on the warning sign posted inside the bar is misplaced because defendant was standing outside Yesterday’s Lounge when first encountered by law enforcement officers. The state offered no evidence that defendant had been inside the lounge before being confronted by police officers or that she was otherwise aware of the posted warning. Defendant was present in the lounge because she was brought there by the police and not because she entered on her own. Therefore, we cannot say that defendant impliedly consented to a search of her person.
Because defendant did not consent to the initial search and because no probable cause existed at the time of the initial search of defendant, we find that the initial search was unlawful and the subsequent arrest was illegal. The quaalude tablets were discovered as a result of a search incident to defendant’s unlawful arrest. But for the initial unlawful search and subsequent illegal arrest, the quaalude tablets would not have been found. The record reveals no intervening events of any significance. Accordingly, the chain of causation proceeding from the unlawful conduct had not become so attenuated or been interrupted by some intervening circumstance to remove the taint imposed upon the evidence by the original illegality. As such, the trial court erred in denying defendant’s motion to suppress the seized quaalude tablets.
For the reasons stated, defendant’s conviction is reversed, the sentence is vacated, and the case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Section 13:95.3(b) of the Code of Ordinances, for the City of Baton Rouge, Parish of East Baton Rouge, Louisiana, provides:
(b) Any sheriff, deputy, sheriff, state police, city police, constables, town marshals, or persons, vested with police power, may search any person found in any place where alcoholic beverages are sold and/or consumed on the premises, and shall confiscate any firearm or other instrumentality customarily used or intended for probable use as a dangerous weapon which such peace officer may find; this search shall be limited to only weapons, unless there is probable cause for a wider search. Any person who enters a place where alcoholic beverages are sold and/or consumed on the premises does, by the mere fact of entering, consent to a search of his person *654 for any firearm or other instrumentality customarily used or intended for probable use as a dangerous weapon while on said premises, by any sheriff, deputy sheriff, state police, constable, town marshal or persons vested with police power without a warrant.