GARRISON, Judge.
The defendant, Gilbert Gaines, was charged by bill of information with possession of phencyclidine (PCP) with intent to distribute, a violation of LSA-R.S. 40:966. Although the defendant originally pled not guilty, he later changed his plea to guilty as charged but reserved his right to appeal the trial court’s denial of his motion to suppress the evidence in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The defendant was sentenced as a second offender to forty months at hard labor with credit for time served. The trial judge stipulated that the defendant is ineligible for parole until one-half of his sentence is served. Defendant now appeals the trial court’s denial of his motion to suppress the evidence.
On August 13, 1986 at approximately 9:00 p.m., Officer John Ronquillo of the New Orleans Police Department received a call from a confidential informant who had supplied information to him in the past which led to the arrest or conviction of people using or selling narcotics in a particular area. The informant told Officer Ron-quillo that a man wearing a brown and blue shirt and brown shorts was in this area at the intersection of First Street and South Roman Street engaged in the sale of “click-em” cigarettes, i.e. marijuana cigarettes laced with PCP. The informant further stated that these cigarettes were contained in a coin purse kept in the man’s pants pocket.
As Officer Ronquillo and his partner, Officer Zander, approached that intersection in an unmarked car to set up surveillance of the area, they immediately noticed a man fitting the description given by the informant. The man looked at them, dropped something from his hand and began walking away from the intersection. *132 At that point, the police officers got out of their car and Officer Zander detained the man while Officer Ronquillo retrieved a coin purse which had been dropped by the defendant. After the officers found that the coin purse contained fourteen marijuana cigarettes laced with what later was determined to be PCP, this man, identified as Gilbert Gaines, was placed under arrest and advised of his rights.
At the motion to suppress hearing, Officer Ronquillo testified that, after Gaines was arrested, he asked him if he possessed any other drugs. According to Officer Ronquillo, the defendant admitted that he had more drugs at his residence and surrendered a key to that residence to the police, stating that this key was given on the condition that the defendant’s girlfriend and baby, who both lived with defendant, not be implicated in any crime. Officer Ronquillo then proceeded to defendant’s house, searched the house with defendant’s voluntary verbal consent and recovered more marijuana and PCP. Officer Ronquillo also stated that the defendant was not threatened or coerced nor were any promises made in exchange for his consent to search.
Also at the motion to suppress hearing, both the defendant and his girlfriend testified that they did not give the police consent to search their residence. The defendant claims that his house key was taken by Officer Ronquillo when the officer searched the defendant. Defendant did confirm to the officer that the key was his house key but he contends that he did not give the officer permission to use this key to search the house.
A search conducted with the subject’s consent is a specifically established exception to the warrant requirement. State v. Lambertus, 482 So.2d 812 (La.App. 4th Cir.1986). However, in order to justify such a warrantless search, the State must show that the consent was freely and voluntarily given without coercion. State v. Wilson, 467 So.2d 503 (La.1985), cert. denied, — U.S. —, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985). The voluntariness of the defendant’s consent to search is a question of fact to be determined by the trial judge according to the facts and circumstances of each case. Furthermore, factual determinations as to the credibility of witnesses are to be accorded great weight on appeal. State v. Wilson, supra.
The record in the case supports the trial judge’s denial of the defendant’s motion to suppress the evidence. The trial judge observed the demeanor of the witnesses and evaluated their credibility. His decision to accept the police officers' testimony rather than the testimony of the defendant and his girlfriend on the issue of the voluntariness of defendant’s consent to search his residence was a proper factual determination. Therefore, the trial judge did not err or abuse his discretion in denying defendant’s motion to suppress the evidence.
For the reasons stated above, we affirm the defendant’s conviction and sentence.
AFFIRMED.