KNOLL, Judge.
This appeal concerns the constitutionality of the seizure of evidence obtained as a result of a roadblock sobriety stop. Defendant, Kenneth J. Guidry, was charged by bill of information with operating a motor vehicle while intoxicated, first offense, a violation of LSA-R.S. 14:98, after being stopped at a sobriety checkpoint in Lafayette. Defendant filed a motion to suppress the evidence obtained at the checkpoint which was denied by the trial court. Defendant withdrew his plea of not guilty and entered a plea of nolo contendere, reserving his right to appeal the trial court’s ruling under State v. Crosby, 338 So.2d 584 (La.1976).
In view that State v. Church, 538 So.2d 993 (La.1989), was pending before our Supreme Court and it concerned the identical issue before us, we granted defendant’s writ application. Since then, our Supreme Court in State v. Church, supra, has declared that although a DWI roadblock (sobriety checkpoint) may meet federal constitutional standards, it violates the standards of the Louisiana Constitution; therefore, it suppressed the evidence of Church’s intoxication. Based on State v. Church, supra, we are bound to reverse defendant’s conviction and grant his motion to suppress all evidence obtained as a result of the sobriety checkpoint.
FACTS
We have been favored by the learned trial judge’s recitation of the facts which we incorporate herein:
“Defendant, Kenneth J. Guidry, filed a Motion to Suppress Evidence which was heard on January 12, 1988. Guidry was charged with operating a motor vehicle while under the influence of alcoholic beverages and with a blood alcohol concentration of 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood in violation of the provisions of La.R.S. 14:98. The motion seeks to suppress all *635 evidence gathered by the police pursuant to a roadblock stop, arguing that the roadblock stop violated his constitutional rights.
On September 24,1987, Guidry was traveling in a northerly direction on the N.E. Evangeline Throughway in the City of Lafayette. That night the Lafayette City Police had set up a ‘sobriety check point’ whereby automobiles were tunneled, by signs, lighted arrows, barricades, traffic cones, and police officers, into a single lane. A ‘stop officer’ directed the defendant into an abandoned gasoline station parking lot. He was then approached by a ‘contact officer’ who requested his operator’s license, vehicle registration and proof of liability insurance. Detecting a strong odor of alcohol on defendant’s breath and slurred speech, the contact officer asked him to exit the vehicle. At first, he refused then complied. Subsequently, defendant was arrested, booked and charged with OWI. Upon stipulation by counsel, this motion dealt only with the constitutionality of the seizure of evidence resulting from the roadblock stop.
The State presented evidence regarding the procedures employed by the police department in setting up the roadblock. Lt. Ralph Peters, the officer in charge of the traffic section, testified that after several weeks of research and planning, Special Order 87-1 was promulgated outlining the procedures to be followed. Before implementing the roadblock, Officer Peters, as the ‘checkpoint supervisor’, conducted a briefing of the fourteen (14) to fifteen (15) participating officers. They were instructed according to the procedures provided by SO 87-1. Officer Peters directed the stop officer to divert every third vehicle waiving the others through. Exceptions were made for large trucks, those with more than two axles, as they would take up too much space in the lot. Also, as provided in paragraph IV D 3, ‘vehicles with obvious violations (were) stopped ... and not counted as part of the stop rate.’ Officer Peters testified there was no discretion on the officer’s part as to which vehicles were stopped.
Special Order 87-7 [sic] also provided the following: all officers were to wear orange reflective vests; contact officers were to request operator’s license, vehicle registration and proof of insurance; officers were to engage the driver in conversation in an attempt to detect signs of alcohol; if detected, the driver would be requested to take a standard field sobriety test. Additionally, the order required advance public notice through the local media. Copies of newspaper articles were admitted.
Officer Peters testified that all of these procedures were followed in the instant case except that when the lot filled up, all traffic was waived through until the stopped cars had been processed. He pointed out that the checkpoint was visible from 200 feet away and that motorists had an opportunity to avoid it by turning off on two sidestreets [sic]. If the driver had the required documents and there were no violations, they were detained for approximately two (2) minutes. The roadblock site was chosen based on frequency of accidents and the availability of the parking lot.
Officer Albert ‘Doc’ Fowler, the ‘stop officer’ testified that 131 vehicles were directed to pull over; some 400 to 500 went through....”
SOBRIETY ROADBLOCK STOP
Officer Ralph Peters testified at the hearing on the motion to suppress, that Guidry was not stopped for any violation of the law, nor did any of the officers stationed at the sobriety checkpoint have a reasonable suspicion that Guidry had committed, was about to commit or was engaged in the violation of any law. Under the recent pronouncements of our Supreme Court in State v. Church, supra, Guidry’s roadblock stop to check his sobriety was unconstitutional under the Louisiana Constitution of 1974, albeit it met federal constitutional muster. Accordingly, the evidence of defendant’s intoxication obtained at the sobriety checkpoint must be excluded and the motion to suppress granted. *636 The writ application shows no other evidence of defendant’s intoxication; therefore, under these circumstances we will not remand.
For the foregoing reasons, defendant’s conviction is reversed and set aside, and his sentence is vacated with orders to discharge defendant.
REVERSED AND DEFENDANT DISCHARGED.
DOMENGEAUX, J., dissents and assigns reasons.