PARRO, Judge.
The defendant, Aretha Whitley, was charged by bill of information with driving while intoxicated, third offense, a violation of LSA-R.S. 14:98. She pled not guilty and filed a motion to suppress evidence. After a hearing, the trial court denied the motion to suppress. Consequently, the defendant changed her plea from not guilty to guilty as charged, reserving her right to appeal the trial court’s denial of the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). After a Boykin examination, the trial court accepted the defendant’s guilty plea. Subsequently, the defendant was sentenced to one year imprisonment in the parish prison with credit for time served.[1] The court suspended the execution of all but six months of the sentence and placed the defendant on active supervised probation for two years. The defendant subsequently appealed urging the following assignments of error:
1. The trial court erred in failing to grant the defendant’s motion to suppress the results of the chemical test for intoxication.
2. The trial court erred in failing to grant defense counsel’s motion to quash the bill of information.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Because the defendant pled guilty, the facts of the offense were not fully developed. The transcript of the hearing on the motion to suppress reveals that on July 2, 1992, the defendant was administered a blood alcohol test on the Intoxilyzer 5000. According to state exhibit number one, the defendant was determined to have a blood alcohol content of .239 grams percent.

MOTION TO SUPPRESS

In this assignment of error, the defendant contends that the trial court erred in denying her motion to suppress the results of the chemical test for intoxication. The defendant argues that a review of the test results reveal that the defendant was tested by use of an autointoxilyzer, the Intoxilyzer 5000, manufactured by Federal Signal Corp./CMI, Inc. She argues that, according to the regulations promulgated by the Department of Public Safety and Corrections which were in effect at the time the test was administered, the approved intoximeter was described as:
B. Approval of instrumentation. The following is the instrument approved by the Louisiana Department of Public Safety and Corrections, the Office of the State Police, Applied Technology Unit for analysis of breath specimens for the determination of the blood alcoholic contents therein:
1. Intoxilyzer 5000 manufactured and distributed by M.P.D., Inc. Owensboro, Kentucky.
§ 501(B), 17 La.Reg. 672 (July 20, 1991).
Thus, the defendant argues that this machine was the only approved instrument for breath analysis in the State of Louisiana at the time of the defendant’s test. However, the evidence shows that the defendant’s blood alcohol level was tested by using an Intoxilyzer 5000 manufactured by Federal Signal Corporation/CMI, Inc. Accordingly, the defendant contends that because the test *27 ing of her blood alcohol level was not conducted by the use of an approved breath analysis instrument, the test results should have been suppressed.
The defendant does note that on July 20, 1992, the Department of Public Safety and Corrections issued an emergency regulation, pursuant to the authority of LSA-R.S. 49:953(B), to take effect on July 1, 1992. However, the defendant contends that making the effective date of the emergency rule retroactive to July 1, 1992, is an unconstitutional attempt to enact an ex post facto law. She argues that the test must be evaluated based on the regulations in effect at the time of her test.
The emergency regulation reads in pertinent part:
B. Approval of instrumentation. The following is the instrument approved by the Louisiana Department of Public Safety and Corrections, the Office of State Police, Applied Technology Unit for analysis of breath specimens for the determination of the blood alcoholic content therein:
1. Intoxilyzer 5000, which was formerly manufactured by CMI, Inc., and distributed by Federal Signal Corporation, and since October 9, 1988 manufactured by CMI, Inc., a subsidiary of MPD, Inc. Every Intoxilyzer 5000 which has been certified and placed in operation in Louisiana is now and has been continuously, since the date of its original certification, an approved instrument for the analysis of breath specimens for the determination of blood alcoholic content regardless of any incorrect reference to its manufacture or distribution in the amendment of July 20, 1991.
§ 501(B), 18 La.Reg. 682-83 (July 20, 1992).
According to the evidence adduced at the hearing on the motion to suppress, the defendant was given a blood alcohol test on an Intoxilyzer 5000 manufactured by Federal Signal Corp./CMI, Inc. However, we do not agree with the defendant’s argument that her test results should be suppressed because the testing instrument was not an approved instrument since the emergency regulation was an unconstitutional ex post facto law.
The testing machine was always the same, that is, the Intoxilyzer 5000, and therefore, it was the approved instrument despite the change of name of the manufacturer or distributor. The emergency regulation was an attempt to clarify the ownership change and was not an ex post facto law. The new regulation did not change the law by making an act, once innocent, a crime. Nor did it deprive the defendant of any defense previously available. Furthermore, it did not change the definition of the crime the defendant was charged with or the possible punishment for conviction of the crime. This rule was not a change affecting substantive rights having only prospective application. The re-promulgation of the rule was merely a clarification of the previous rule and has retroactive effect. See Carmouche v. Department of Public Safety, 618 So.2d 1220 (La.App. 5th Cir.1993). Cf. State v. Wells, 559 So.2d 531 (La.App. 2d Cir.1990). Therefore, we find that the trial court correctly denied the defendant’s motion to suppress the evidence. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. Under the authority of La.C.Cr.P. art. 920(2), this court routinely reviews appellate records for patent error. After reviewing the record, we have discovered a patent sentencing error. The minutes do not reflect that the defendant was sentenced without benefit of parole for at least six months as required by LSA-R.S. 14:98(D). The sentencing transcript was not designated by the defendant to be included in the record. Although the trial court apparently erred in imposing an illegally lenient sentence, this court will not correct the sentence as the error is in the defendant's favor and the State has not appealed the illegal sentence. See State v. Fraser, 484 So.2d 122 (La.1986).