704 So.2d 228 (1997)
STATE of Louisiana
v.
Michael ASHWORTH.
No. 97-KK-2917.
Supreme Court of Louisiana.
November 25, 1997.
PER CURIAM:
The judgment of the court of appeal is vacated, and the ruling of the district court on defendant's motion to quash is reinstated.
*229 In ruling on a motion to quash based solely on violation of the statutory requirements in La.C.Cr.P. art. 408.1 for selecting the general, grand, and petit venires in Louisiana, neither the district court nor an appellate court may presume irreparable injury for purposes of La.C.Cr.P. art. 419. In all cases, the burden of proof "rests on defendant to establish purposeful discrimination in the selection of grand and petit jury venires." State v. Sheppard, 350 So.2d 615, 651 (La. 1977). This Court has previously held that even the exclusive use of voter registration lists, without any showing in the record of any discrimination against a class of people, does not establish a violation of the Sixth Amendment fair cross-section requirement. State v. Lee, 559 So.2d 1310, 1315, n. 3 (La. 1990), cert. denied, 499 U.S. 954, 111 S.Ct. 1431, 113 L.Ed.2d 482 (1991); State v. Unger, 362 So.2d 1095, 1099-1100 (La.1978); State v. Daigle, 344 So.2d 1380, 1390 (La.1977). To the extent that the nonobservance of 1997 La.Acts No. 886 by the Jury Commission appears simply to reflect confusion over the effect of the new law, the 33rd Judicial District Court may have a reasonable time, not to exceed March 1, 1998, in which to reconstitute its venires according to the legislature's present directives in art. 408.1. In the interim, trial may proceed in this case with a jury selected from the venires drawn in conformity with the requirements of art. 408.1 as they existed before the effective date of the 1997 amendment.
VICTORY, J., not on panel.