JjSHORTESS, J.
Dominic Steven Arcuri (defendant) was charged by bill of information with obscenity and contributing to the delinquency of a juvenile. La.R.S. 14:106 and 14:92(A)(7). Defendant originally pled not guilty; however, he subsequently changed his plea to guilty as charged, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the denial of his motion to quash. After a Boykin examination, the trial court accepted defendant’s plea. Defendant was sentenced to thirty months at hard labor for his conviction of obscenity. For his conviction of contributing to the delinquency of a juvenile, defendant was sentenced to two years at hard labor. The sentences were ordered to be served concurrently. He has appealed, urging one assignment of error.

FACTS:

The facts of the offense were not fully developed because defendant pled guilty. According to the factual basis set forth at the Boykin hearing, on November 20, 1996, defendant drove into the parking lot of a Dairy Queen restaurant in St. Tammany Parish where the victim, an employee of the restaurant, was cleaning the lot. Defendant beckoned the victim to the window of his vehicle, engaged the victim in conversation, expressed a desire to have sexual intercourse with the victim, and exposed his penis to the victim. Defendant fled the scene before the police arrived.
On January 31, 1997, at the same Dairy Queen, defendant approached a juvenile employee who was using a pay telephone in the parking lot, engaged her in conversation, and expressed his desire to have oral sex with her. Defendant then fled the scene.
On February 15, 1997, defendant again returned to the store at a time when both victims were working. The victims recognized defendant and notified the police, who arrested defendant at the scene.

ASSIGNMENT OF ERROR:

Defendant contends the trial court erred in denying his motion to quash the general jury venire and subsequently the charges against him under Louisiana Code of Criminal Procedure article 532(9) based on the 1997 amendment of Code of Criminal Procedure article 408.1, which required a broader basis of lists from which to draw the jury venire. In his brief to this court, defendant argues the jury pool drawn prior to defendant’s trial was illegally drawn, making it impossible for him to receive a fair trial 13because it did not “comprise the community as a whole.” He contends he has the right to a venire composed of the largest possible sampling of citizens.
According to Code of Criminal Procedure article 532(9), a motion to quash may be based on the ground that the general jury venire or petit jury was improperly drawn, selected, or constituted.
After the 1997 amendment, Code of Criminal Procedure article 408.1 provided:[1]
In developing a list of all persons who may be called for grand or petit jury duty, a jury commission shall draw names from a master list derived from voter registration lists, lists of actual voters, motor vehicle license and registration records, lists of individual utility customers, if made available by the utility company, and such other sources as may be approved by a majority of the district judges of the judicial district for which the master list is compiled.
Code of Criminal Procedure article 419(A) provides:
A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced, some great wrong committed that would work irreparable injury to the defendant, or unless persons were systematically excluded from the venires solely upon the basis of race.
*715 At the hearing on the motion to quash, Laura Best, supervisor of the criminal section for the St. Tammany Parish Clerk of Court’s office, testified one of her duties entailed the drawing and arranging for the presence of the general jury venire for the trial of criminal cases. She indicated the two sources used to compile the list for the general jury venire are the registrar of voter’s list and the driver’s license list from the Department of Public Safety. According to Best, those two sources have been used since at least 1979. She admitted that she was advised of the amendment to Code of Criminal Procedure article 408.1 (which was effective August 15, 1997) and to her knowledge, under the amendment, the court should use at least three sources to compile the general jury venire list. She explained the court is attempting to obtain utility-company customer lists as a third source. The general jury venire for the case in question was drawn on October 2, 1997.
In denying the motion to quash, the court, citing Code of Criminal Procedure article 419, stated it did not feel that fraud had been practiced or any wrong committed that would cause irreparable injury to defendant or that anyone was systematically excluded from the venire solely on the basis of race.
|4In ruling on a motion to quash based solely on violation of the statutory requirements of article 408.1, neither the district court nor an appellate court may presume irreparable injury for the purposes of article 419. In all cases, the burden of proof “rests on defendant to establish purposeful discrimination in the selection of grand and petit jury venires.” State v. Ashworth, 97-2917, p. 1 (La.11/25/97), 704 So.2d 228, 229 (quoting State v. Sheppard, 350 So.2d 615, 651 (La.1977)). The supreme court previously has held that even the exclusive use of voter registration lists, without any showing in the record of any discrimination against a class of people, does not establish a violation of the Sixth Amendment fair cross-section requirement. See State v. Ashworth, 97-2917 at p. 2, 704 So.2d at 229.
In Ashworth, the supreme court stated the 33rd Judicial District Court should be allowed reasonable time, not to exceed March 1, 1998, in which to reconstitute its venires according to the legislature’s present directives in Code of Criminal Procedure article 408.1. In the interim, the court allowed the trial to proceed with a jury selected from the venires drawn in conformity with the requirements of article 408.1 as they existed before the effective date of the statute. State v. Ashworth, 97-2917 at p. 2, 704 So.2d at 229.
Defendant makes no showing of irreparable injury for the purposes of Code of Criminal Procedure article 419. Furthermore, the drawing for the general jury venire was held October 2, 1997, long before the March 1, 1998, deadline given in Ashworth. The 22nd Judicial District Court should be allowed the same amount of “reasonable time” in which to reconstitute its venires, particularly since, according to Best, the court was attempting to obtain another source from which to make up its venire list.
Considering the above, we cannot say that the trial court erred in denying the motion to quash. This assignment of error is without merit, and defendant’s convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.

. Article 408.1 was later amended by Acts 1998, 1st Ex.Sess. No. 124, § 1.