CLOVE, Judge.
Clinton Grimmett was charged by bill of information on August 31, 2000, with possession of stolen property worth more than $500, in violation of La. R.S. 14:69. At his arraignment on September 6, 2000 he pleaded not guilty. On September 14, 2000 probable cause was found and the motions to suppress the evidence and confession were denied after a hearing. On September 20, 2000 the day set for trial, the defendant withdrew his earlier plea and entered a plea of guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976). The state filed a multiple bill charging the defendant as a second offender, and, after being advised of his Boykin rights and pleading guilty to the bill, he was sentenced to serve five years at hard labor as a second felony offender without *958 benefit of probation or suspension of sentence. The defendant’s motion for an appeal was granted.
Because the defendant pleaded guilty, the only facts in the record are from the motions hearing on September 14, 2000. Officers Kevin Ricks and Antonius Charles testified that on August 15, 2000 they noticed a Dodge Neon parked at a convenience store, and when they ran the auto’s license plate number through the police computer, they found the car was stolen. They watched the car until the defendant got into it and drove away. When the defendant was stopped, he jumped from the car and ran. He was immediately apprehended and arrested. The | -¡defendant told the officers that his name was Sherise Lewis and someone named Steve had stolen the car. The steering column of the Neon had been broken.
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 14:69, and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, and sentencing. The sentence is legal in all respects. Our independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal. Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED.