EDWARDS, Judge.
On July 1, 1982, pursuant to a warrant signed by a justice of the peace, police officers searched the premises occupied by Amador Alejandro and seized five pounds of marijuana. Alejandro was charged by bill of information with possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966. The trial court granted the defendant’s motion to suppress evidence secured and statements taken in connection with the search. Upon the state’s writ application, this court ordered the motion to suppress denied. Defendant thereafter pled guilty as charged, reserving the right to appeal the denial of his motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant now appeals, urging that the warrant was invalid on its face because it was issued by a justice of the peace. Thus, the only question before us is whether a justice of the peace has authority to issue warrants to search for drugs.
The Code of Criminal Procedure gives a general authorization for judges to issue warrants to search for and seize anything within their territorial jurisdiction which has been stolen, is or may be used in committing a crime, or may be evidence tending to prove a crime. Justices of the peace, on the other hand, “may issue ... search warrants] only in those cases specifically provided by law.” LSA-C.Cr.P. art. 161.
We have found no special authorization for justices of the peace to issue warrants to search for drugs. The State argues that LSA-R.S. 40:985 provides special authorization for magistrates to issue drug warrants, and concludes that because the definition of magistrate expressly includes justices of the peace, LSA-C.Cr.P. art. 931(4), the warrant is valid. We cannot, however, agree with such a strained interpretation of section 985.
“A search warrant relating to offenses involving controlled dangerous substances may be authorized to be served at any time of the day or night if the judge or magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant.” LSA-R.S. 40:985.
It is clear from a simple reading of this section that it is not a grant of authority to judges or magistrates to issue the warrants, but rather an authorization for drug warrants to be served at any time of the day or night. Section 985 simply creates an exception to the general rule that searches and seizures cannot be made at night or on Sunday. See LSA-C.Cr.P. art. 163.
This conclusion is reinforced by comparing section 985 with provisions of law which grant special authority for justices of the peace to issue warrants. For example, this special authority is clearly given in cases involving fires of suspected incendiary origins. “Upon receiving this affidavit, the justice of the peace, or other officer shall issue a warrant authorizing the fire marshal ... to search the premises _” LSA-R.S. 40:1570. Likewise, justices of the peace have a special grant to authorize search warrants in aid of enforcing commercial shrimping laws. “The several judges of the district courts and the several justices of the peace shall within their respective jurisdiction upon proper oath or affirmation, and upon probable cause shown, issue search warrants in aid of the enforcement of [shrimping laws].” LSA-R.S. 56:493.
Furthermore, in the section immediately following section 985, the judges and magistrates of courts of record are granted, in clear and unambiguous language, authority to issue administrative inspection warrants. LSA-R.S. 40:986. In light of the legislature’s obvious ability to clearly articulate its grant of this authority, we must presume that it did not intend to grant warrant issuing authority in section 985.
Section 985 is concerned with granting authority for drug warrants to be served at any time of the day or night, not with granting authority to certain officers to issue those warrants. At most, section 985 arguably implies that a justice of the peace may issue a search warrant. Article 161 of the Code of Criminal Procedure, *66 however, requires more than an implication of this authority; it requires a special provision of law.
Prior to the revision of the Code of Criminal Procedure in 1966, justices of the peace had authority to issue search warrants by virtue of their criminal jurisdiction as committing magistrates.[1] “Every judge vested with criminal jurisdiction, whether as a trial judge or as a committing magistrate, and every judge vested with jurisdiction to try violators of parochial and municipal ordinances has authority to issue search warrants to be executed within the territorial jurisdiction of the judge issuing such warrants.” LSA-R.S. 15:41 (repealed 1966). Thus, for purposes of issuing warrants, justices of the peace were simply classified as judges with criminal jurisdiction, and given authority accordingly.
The Code of Criminal Procedure of 1966, however, makes a distinction between judges and justices of the peace: Judges are given general authority to issue search warrants, and justices of the peace are authorized to issue warrants only in cases specifically provided by law. LSA-C.Cr.P. art. 161. Furthermore, article 931 of the Code of Criminal Procedures makes it clear that justices of the peace are not included in the term “judge.” Though they retain their criminal jurisdiction as committing magistrates, see LSA-R.S. 13:2584, justices of the peace no longer have general authority to issue search warrants. They may issue warrants only in cases specifically provided by law.
For the foregoing reasons we hold that the warrant in the instant case was invalid, and therefore that the evidence seized must be suppressed. From the record before us, however, we are unable to determine whether the statements made were sufficiently connected to the illegal search to be tainted. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Accordingly, the conviction and sentence are reversed, the writ is recalled, the trial court order denying the motion to suppress is vacated, and the trial court’s original judgment granting the motion to suppress is reinstated insofar as it orders suppression of the evidence. The case is remanded for an examination of the statements in light of Wong Sun and further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Justices of the peace have had criminal jurisdiction as committing magistrates since the Constitution of 1879. See La. Const, of 1879, art. 126; La. Const, of 1898, art. 126; La. Const, of 1913, art. 126; La. Const, of 1921, art. VII § 48; LSA-R.S. 13:2584.