LEMMON, Justice.
This case presents the question of the validity of a search warrant issued by a justice of the peace authorizing a search of a home for controlled dangerous substances. We conclude that La.C.Cr.P. Art. 161 limits the general authority to issue search warrants to judges, as defined in La.C.Cr.P. Art. 931, and that La.R.S. 40:985 (pertaining to search warrants relating to drug offenses) does not establish an exception to the general rule.
A thirteen-year old juvenile was charged with being a delinquent child because she was in possession of marijuana in violation of La.R.S. 40:966 C. Her attorney moved to suppress the physical evidence seized in a search of the juvenile’s home pursuant to a warrant issued by a justice of the peace. The trial judge granted the motion, concluding that the official was not authorized to issue the search warrant. The court of appeal, relying on State v. Alejandro, 460 So.2d 64 (La.App. 1st Cir.1984), refused to exercise its supervisory jurisdiction, noting that the ruling was correct. We granted the prosecutor’s application for certiorari. 485 So.2d 56.
La.C.Cr.P. Art. 161 provides generally for the authority to issue search warrants, as follows:
“A judge may issue a warrant authorizing the search for and seizure of any thing within the territorial jurisdiction of the court which:
“(1) Has been the subject of theft;
“(2) Is intended for use or has been used as a means of committing an offense; or
“(3) May constitute evidence tending to prove the commission of an offense.
“A judge may also issue a search warrant in all other cases specifically provided by law. A justice of the peace may issue a search warrant only in those cases specifically provided by law.”
Article 161 was a new article included in the 1966 enactment of the Code of Criminal *619 Procedure. Official Revision Comment (b) states:
“Since the word ‘judge’ as defined in Art. 931 does not embrace justices of the peace, the authority to issue search warrants heretofore generally conferred upon the latter by former R.S. 15:41 is abolished, except in the special eases where such authority is otherwise specifically conferred by law. See, for example, R.S. 26:713; 34:875; 40:972; 40:1570; 56:108.”,
La.C.Cr.P. Art. 931, in the section which defines terms used in the Code, provides in pertinent part:
“Except where the context clearly indicates otherwise, as used in this Code:
“(1) ‘Court’ means a court with criminal jurisdiction or its judge. It does not include a mayor’s court or a justice of the peace.
[[Image here]]
“(3) ‘Judge’ means a judge of a court, as defined in this article.
“(4) ‘Magistrate’ means any judge, a justice of the peace, or a mayor of a mayor’s court.”
Prior to the enactment of the Code in 1966, the authority to issue search warrants was granted to “[ejvery judge vested with criminal jurisdiction, whether as a trial judge or as a committing magistrate, and every judge vested with the jurisdiction to try violators of parochial and municipal ordinances”. See former La.R.S. 15:41 (repealed in 1966). Since former La.R.S. 15:153 had included justices of the peace among the officers who were given “jurisdiction as committing magistrates, with authority to bail or discharge ... in all cases not capital or necessarily punishable at hard labor”, justices of the peace were previously authorized generally to issue search warrants.[1]
The unambiguous language of Article 161 now limits the general authority to issue search warrants to judges, as defined in Article 931(3).[2] Article 161 also expressly restricts the authority of justices of the peace to issue search warrants to those “cases specifically provided by law”.
The prosecutor, while conceding that the general authority of justices of the peace to issue search warrants has been abolished, contends that La.R.S. 40:985 (pertaining to search warrants connected with drug offenses) constitutes one of the exceptions in which justices of the peace are authorized to issue search warrants.[3] The prosecutor *620 argues that the definition of magistrate in Article 931(4) includes justices of the peace and that the use of the word “magistrate” in Section 985, as a 1972 expression of legislative will, was intended to authorize justices of the peace to issue search warrants in drug cases.[4]
Section 985 does not grant authority to any particular official to issue search warrants, but simply authorizes search warrants relating to drug offenses to be served at any time, as long as the issuing judge or magistrate (if otherwise authorized to issue the warrant) is satisfied that probable cause exists. Section 985 thus conforms with La.C.Cr.P. Art. 163, which prohibits searches or seizures at night or on Sunday without an express direction in the warrant.
A strict interpretation of Section 985 accords with the purpose of Article 161, as expressed in the Exposé des Motifs, to retain the power for justices of the peace to issue search warrants only in those specific situations where the Legislature has expressly granted such authority in order to make warrants more readily available to peace officers.[5] Construing Section 985 broadly to include an implied authority to issue search warrants would be contrary to the purpose and the express limitation of Article 161, which by its terms restricts the search warrant authority of justices of the peace to those cases specifically provided by law. Moreover, the law of search and seizure has grown increasingly- complex in the two decades since the adoption of the Code, and it is highly improbable that the Legislature in enacting Section 985 intended to establish an exception in drug cases which would confer search warrant authority on justices of the peace and certain mayors who, while being neutral and detached officials, are neither educated in the law nor trained and experienced in determining probable cause.
The prosecutor does not argue any other basis for reversing the judgment suppressing the evidence in this particular case.
Accordingly, the judgment of the trial court granting the motion to suppress is affirmed.

. When the Code was enacted in 1966, the authority of justices of the peace to fix bail in certain cases was retained in Article 315 and the authority to conduct preliminary examinations in certain cases was retained in Article 291. The present La.R.S. 13:2584, in addition to providing civil jurisdiction for justices of the peace, confers "criminal jurisdiction as committing magistrates only”, with power to bail or discharge in non-capital and relative felony cases, and also grants authority to require bonds to keep the peace.

. Exposé des Motifs No. 20 of the Code of Criminal Procedure Revision by the Louisiana State Law Institute makes even clearer the intention to abolish the authority of justices of the peace to issue search warrants except in cases of specific statutory authority. The Exposé des Motifs, issued on March 8, 1963, stated:
"In the definition section of this Code, the term ‘judge’ will be defined to include district and city judges, but not justices of the peace. Under Article 41 of the present Code, judges having jurisdiction as committing magistrates, which includes justices of the peace, have authority to issue search warrants. The use of the term ‘judge’ in the first paragraph in this article will abolish the authority of justices of the peace to issue search warrants, except where there is specific statutory authority therefor.
“There are several statutes under various titles of the Louisiana Revised Statutes which grant to justices of the peace the power to issue search warrants under specific situations. Appendix A lists these statutes. Considering the nature of these specific provisions, it was decided to retain this power of the justice of the peace to issue search warrants, so that the warrants will be readily available to peace officers.”
Exposé des Motifs No. 20, Title IV, Art. 1, Comment (b).

. La.R.S. 40:985 provides:
"A search warrant relating to offenses involving controlled dangerous substances may be authorized to be served at any time of the day or night if the judge or magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant.”

. The definition of magistrate in Article 931 was apparently intended primarily to specify the officers authorized to issue arrest warrants. Official Revision Comment (d) to Article 931 states:
“The definition of ‘magistrate’ is new and is broad enough to cover any officer who has authority to issue warrants of arrest or order peace bonds.” (emphasis added)
See also La.C.Cr.P. Art. 202.

. The examples of specifically conferred author- . ity listed in the comment following Article 161 involve very narrowly defined situations. La. R.S. 40:1570 authorizes a “justice of the peace" to issue a search warrant when the fire marshall presents an affidavit that there has been a fire of suspected incendiary origin; La.R.S. 34:875 permits a "magistrate” to issue a search warrant when the master of a vessel complains under oath that a seaman or boy apprentice has deserted from his vessel and may be harbored or detained in the place sought to be searched; and La.R.S. 26:713 authorizes a "court having power of a committing magistrate” to issue a search warrant for search and seizure of alcoholic beverages in suspected "blind tiger" establishments. The other two listed statutes have been repealed (possibly indicating a legislative inclination to narrow further the search warrant authority of justices of the peace). In any event, the authority in every listed statutory exception is specific and not left to implication.