Dear Hon. Moore:
This office is in receipt of your request for an Opinion from the Attorney General on two (2) specific questions pertaining to service of summons issued by your justice of the peace court. In furtherance of your inquiry, you provided a narrative concerning the situation's history. This narrative is critical given it alleges the St. Tammany Parish sheriff's office is now refusing to serve summonses issued by you in certain criminal matters. You describe how these summonses have historically been presented to the sheriff's office and then served by a sheriff's deputy, not unlike an arrest warrant. But recently, the sheriff's office advised you it would no longer serve summonses issued by your court. The rationale behind this decision lies in the sheriff's belief that your court's constable should serve the summonses despite the fact the summonses pertain to matters before the state district court. After providing this narrative, you additionally asked several related questions.
Your concerns and the Attorney General's responses to those concerns are presented as follows:
1. CAN OR SHOULD A CONSTABLE FOR A JUSTICE OF THE PEACE COURT SERVE ACRIMINAL SUMMONS (ISSUED BY A JUSTICE OF THE PEACE)?
In our opinion, a constable for a justice of the peace can serve a criminal summons issued by a justice of the peace. But this can only occur after the constable is ordered to do so by the sheriff and he can only do so within the jurisdictional boundaries of his ward unless, in his attempt to serve such a criminal summons, he must enter another jurisdiction in close pursuit of the person he is attempting to serve. But this inquiry raises an underlying, fundamental issue: what are the parameters of authority under which a justice of the peace functions in criminal matters and specifically, whether a justice of the peace can issue a criminal summons under the factual scenario you presented.
In 2000, the Louisiana Supreme Court issued its decision in the matter of In Re Justice of the Peace Guy McInnis, 769 So.2d 1186 (La. 2000). In a footnote, the Court ruled:
 The jurisdiction and authority of a justice of the peace is circumscribed by statute. A justice of the peace has criminal jurisdiction as a committing magistrate. La.Rev.Stat. 13:2586(C)(1); see also La. Code Crim. Proc. art. 931. As such, he or she has the authority to issue either a summons, La. Code Crim. Proc. art. 209, or a warrant of arrest, when the person making a complaint executes an affidavit and the justice has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it, La. Code Crim. Proc. art. 202. A warrant of arrest must be executed by a peace officer having authority in the territorial jurisdiction in which the person is to be found. La. Code Crim. Proc. art. 204.
 **********
 A justice of the peace also has the power to bail or discharge in non-capital cases and those not necessarily punishable by hard labor; i.e., all misdemeanors and relative felonies. Id.; see also La. Code Crim. Proc. art 333(5). A justice of the peace may issue peace bonds, a summons, or, where imminent and serious harm is threatened, an arrest warrant. Id.; La. Code Crim. Proc. arts. 26 28. As in civil matters, see La. Code Civ. Proc. art. 4914, a justice of the peace may punish a person adjudged guilty of direct contempt of court with fines and jail time. La. Code Crim. Proc. art. 25(D). Finally, a justice of the peace may issue search warrants though only where specifically authorized by law. La. Code Crim. Proc. art. 161; State v. A Minor Child, 493 So.2d 618, 619 (La. 1986).[1]
We are of the opinion the McInnis decision confirms justices of the peace are committing magistrates under LA. REV. STAT. § 13:2586(C)(1) and LA. CODE CRIM. PROC. art. 931.[2] Consequently, they have jurisdiction to issue a criminal summons under LA. CODE CRIM. PROC. art.209.[3] And their authority to issue a criminal summons is limited only to the extent they cannot do so in capital cases and cases necessarily punishable at hard labor.[4]
That having been said, LA. REV. STAT. § 13:2583 legislatively-created a constable for each justice of the peace court in Louisiana. Unfortunately, LA. REV. STAT. § 13:2583 does not delineate the constable's duties and, specifically, does not enumerate his role in serving a criminal summons. Consequently, we must look at host of other statutes and rules of civil and criminal procedure for guidance in ascertaining whether a constable can or should serve a criminal summons as posed by your request.
Article 131 of the Louisiana Code of Criminal Procedure delineates:
 Clerks, sheriffs, constables, marshals, stenographers, and other court officers have such powers and perform such duties as conferred upon them by law.[5]
The aforementioned is relatively self-explanatory and pertinently stands for the proposition that sheriffs and constables have the legal authority to perform those duties conferred upon them by law.
Article 931 of the Louisiana Code of Criminal Procedure specifically identifies a justice of the peace as being considered a magistrate for purposes of the Code of Criminal Procedure.[6] And LA. CODE CR. PROC. art. 208 defines a summons as follows:
 A summons is an order in writing, issued and signed by a magistrate or a peace officer in the name of the state, stating the offense charged and the name of the alleged offender, and commanding him to appear before the court designated in the summons at the time and place stated in the summons.[7]
A summons is simply a written order issued and signed by a magistrate in the state's name which identifies the offense charged and the alleged offender's name and then commands him to appear before the court designated in the summons at a stated time and place. Distinctly absent from a summons is the authority to arrest and book the identified individual.
LA. CODE CR. PROC. art. 209 delineates when a summons can be issued by a justice of the peace/magistrate:
 When a complaint is made of the commission of a misdemeanor and the requirements of Article 202 are met, the magistrate may issue a summons instead of a warrant of arrest, if he has reasonable ground to believe that the person against whom the complaint is made will appear upon a summons. In a case where a summons had been issued, a warrant of arrest may be issued later in its place.[8]
A justice of the peace can accordingly issue a criminal summons when a misdemeanor complaint is made and the requirements of Article 202 are met if he has reasonable grounds to believe the person named in the complaint will appear upon a summons.
LA. CODE CR. PROC. art. 210 then provides the service of a summons is made in the same manner as a citation in a civil action.[9] That having been said, we must focus our attention on how citations in civil actions are served.
LA. CODE CIV. PROC. art. 321 identifies the sheriff as the executive officer of the district court and provides him with authority to serve citations, summons, subpoenas, notices, and other process.[10] It then instructs him to execute writs, mandates, orders, and judgments directed to him by the district courts, the courts of appeal, and the Supreme Court.
LA. CODE. CIV. PROC. art. 332 governs when a constable may serve any process:
 When authorized to do so by the sheriff, a constable of a justice of the peace court, or a constable or marshal of a city court, within the territorial jurisdiction of his court, may serve any process and execute any writ or mandate which the sheriff is authorized to serve or execute.
 For such purpose, the constable or marshal possesses the powers and authority of the sheriff; a service or execution so made has the same effect as if made by the sheriff; and the latter is responsible for the performance or nonperformance of his duties by a constable or marshal in such cases.[11]
So under LA. CODE CIV. PROC. art. 332, a constable can serve any writ or mandate which the sheriff is authorized to serve or execute, if requested by the sheriff to do so. And for the purposes of such service, the constable possesses the sheriff's powers and authority. Accordingly, it is our opinion a sheriff can authorize a constable to serve any process and execute any mandate which the sheriff is authorized to serve or execute, so long as the sheriff is willing and affirmatively accepts the fact that in doing so, he assumes responsibility for the constable and his actions in serving such a process and/or executing such a mandate.
LA. REV. STAT. § 13:3478 governs situations wherein a constable or deputy constables is required to act when not disqualified or unwilling or unable to act:
 When there is a constable or duly appointed deputy constable not disqualified to act because of relationship, or unable to act on account of sickness or other cause, and who is willing to act, and who is personally present when conservatory writs are sued out, then and in these cases, the justice of the peace for whose ward said constable shall have been elected or appointed and qualified, shall employ said constable or his duly appointed deputy constable to the exclusion of the sheriff or his deputy, or a special deputy constable, to execute all orders, citations, summons, seizures, and writs in civil cases, and in such cases services made by other than said constable or his duly appointed deputy constable shall be void and of no effect.[12]
As such, a justice of the peace shall employ the constable assigned to his ward to execute all orders, citations, summons, seizures, and writs in civil cases to the exclusion of the parish sheriffs office where a constable is available who is not disqualified or unable to act and is willing to act. And this office previously held, "The assumption in the above statute is that constables have the duty to execute all summons issued by a justice of the peace. The statute further requires specific and explicit reasons to be set forth when a constable contends he should not be required to execute a summons."[13] We went on to opine LA. REV. STAT. § 13:3478 seems to imply the sheriff has the duty to act in place of the constable where the constable is justifiably unable to fulfill his duties. So when a constable cannot serve a summons for a reason listed in LA. REV. STAT. § 13:3478, it is the opinion of this office that sheriffs have the secondary duty to serve summons for justices of the peace. Accordingly, we are of the opinion the sheriff can require the constable to serve a criminal summons issued by a justice of the peace unless the constable can enumerate a reason listed in LA. REV. STAT. § 13:3478.
As a corollary to the aforementioned, LA. REV. STAT. § 13:3477
pertinently provides:
 In case of the inability or refusal to act on the part of the constable or a duly appointed deputy constable because of relationship, sickness, or from other causes in civil suits, and in case of the execution of conservatory writs in civil suits, the justices of the peace may employ either the sheriff or his deputy or appoint a special deputy constable to execute all orders, citations, summons, and writs.[14]
So where a constable is unable to serve a summons, the justice of the peace can rely upon the parish sheriff's office to serve the summons. And as an aside, LA. REV. STAT. § 13:3476 provides that whenever the sheriff is unable to serve any legal process (for a variety of reasons), it shall be served by any regular constable of the parish or by any officer appointed by the court.[15] Any such constable shall have all the powers, receive all the emoluments, and be liable to all the responsibilities of the sheriff.
2. CAN A SHERIFF'S OFFICE REFUSE TO SERVE A SUMMONS ISSUED BY AJUSTICE OF THE PEACE?
It is our opinion that a sheriff can refuse to serve a summons issued by a justice of the peace, but in order to do so the summons must pertain to a matter which falls within the exclusive jurisdiction of the justice of the peace court's constable. As explained above, LA. REV. STAT. § 13:3478 governs situations wherein a constable or a deputy constable is required to act when not disqualified or unwilling or unable to act. As such, a justice of the peace shall employ the constable assigned to his ward to execute all orders, citations, summons, seizures, and writs in civil cases to the exclusion of the parish sheriff's office where a constable is available who is not disqualified or unable to act and is willing to act. But bear in mind, the aforementioned statute appears to apply to civil matters only, not criminal matters.
The aforementioned concerns were followed by a series of related questions.
3. IF THE ANSWER TO QUESTION NO. 1 IS YES, THEN ARE THE CONSTABLESONLY ALLOWED TO SERVE A SUMMONS IN THEIR RESPECTIVEWARDS?
Based upon a comprehensive application of the aforementioned Articles (from both the Code of Criminal Procedure and the Code of Civil Procedure), we are of the opinion that when authorized to do so by the sheriff, a constable may serve any process and execute any writ or mandate which the sheriff is authorized to serve or execute (including misdemeanor criminal summons) within the territorial jurisdiction of his (justice of the peace) court.
4. IF THE ANSWER TO QUESTION NO. 1 IS YES, WHAT ABOUTLIABILITY?
This office is simply not in a position to render/offer an opinion on the issue of liability in this context. But we would suggest that because the sheriff bears responsibility for the constable's actions in such a situation, he would then likely be liable for the constable's performance or nonperformance. However, that is an issue best posed to the sheriff.
5. SHOULD THE CONSTABLES BE REQUIRED TO CARRY A WEAPON?
As with the previous question, this office is simply not in a position to render/offer an opinion on the issue of whether or not constables should be required to carry a weapon in this context. We would again suggest that because the sheriff bears responsibility for the constable's actions in such a situation, this is a question best posed to the sheriff. And we would defer to his position on whether or not constables executing misdemeanor criminal summons on his behalf should be armed.
6. WHAT ABOUT SPECIFIC TRAINING?
We respectfully refer you to the positions offered in response to Questions 4 and 5.
7. CAN A JUSTICE OF THE PEACE SEND A SUMMONS TO A CONSTABLE IN ANOTHERWARD?
LA. REV. STAT. § 13:2586(C)(1) empowers a justice of the peace with jurisdiction to issue a criminal summons.[16] To that end, we are of the opinion a justice of the peace can issue a criminal summons for an offense committed in his ward or for an offense committed in another ward if the suspect who committed the offense in another ward is physically present in the justice's ward (over which the justice has territorial jurisdiction). But we are not of the opinion that a justice of the peace can send a summons to a constable in another ward for execution in that other ward even if the other ward is located within the parish.
8. CAN A JUSTICE OF THE PEACE SEND A SUMMONS TO A CONSTABLE INANOTHER PARISH?
Keeping with our answer to the previous question, we are of the opinion that a justice of the peace cannot send a summons to a constable in another parish because the justice's authority to issue criminal summonses is limited by the territorial boundaries of his own jurisdiction.
9. CAN THE CONSTABLES REFUSE TO CARRY OUT THIS DUTY?
While there is no clear cut answer to this question, we are of the opinion a constable can refuse to carry out this duty, upon being commanded to do so by the sheriff, only where, pursuant to LA. REV. STAT. § 13:3478, he is disqualified to act because of a relationship or is unable to act on account of sickness or other cause. We would then, again, refer you to LA. REV. STAT. § 13:3477, which pertinently provides the reasons why a constable may refuse to act.[17]
 10. WHAT ABOUT THE USE OF THE CONSTABLE'S PERSONAL VEHICLE IN ORDER TOSERVE THE SUMMONS?
We respectfully refer you to the positions offered in response to Questions 4, 5, and 6. If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 _____________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY:jv
[1] In Re Justice of the Peace Guy McInnis, 769 So.2d 1186, n. 3 (La. 2000).
[2] LA. REV. STAT. § 13:2586(C)(1) and LA. CODE CRIM. PROC. art.931.
[3] LA. CODE CRIM. PROC. art. 209.
[4] LA. REV. STAT. § 13:2586(C)(1).
[5] LA. CODE CR. PROC. art. 131.
[6] LA. CODE CR. PROC. art. 931(4).
[7] LA. CODE CR. PROC. art. 208.
[8] LA. CODE CR. PROC. ART. 209.
[9] LA. CODE CR. PROC. ART. 210.
[10] LA. CODE CIV. PROC. ART. 321.
[11] LA. CODE. CIV. PROC. ART. 332.
[12] LA. REV. STAT. § 13:3478.
[13] OP. ATTY. GEN. NO. 80-1480.
[14] LA. REV. STAT. § 13:3477.
[15] LA. REV. STAT. § 13:3476.
[16] LA. REV. STAT. § 13:2586(C)(1).
[17] LA. REV. STAT. § 13:3477.