954 So.2d 767 (2007)
STATE of Louisiana
v.
Jorgio MACK.
No. 06-K-1722.
Supreme Court of Louisiana.
April 27, 2007.
PER CURIAM.
Granted. The decision of the court of appeal is reversed and this case is remanded for purposes of providing defendant with his appeal of the trial court's adverse ruling on his motion to suppress, reserved as part of his guilty plea under this Court's decision in State v. Crosby, 338 So.2d 584 (La.1976). The guilty plea colloquy shows clearly that all parties understood that defense counsel was incorporating for the merits of his motion not only the testimony adduced at the hearings conducted on a similar motion filed by the co-defendant, transcripts of which then appeared in the record on defendant's appeal, but also the trial court's ruling which denied the co-defendant's motion. He did so to save the time of retrying and duplicating the motion and the trial court thus sought and received defense counsel's assent that "all the facts would be the same because [the co-defendant] was asserting Mr. Mack's constitutional rights of whether the . . . Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] stop and/or arrest with a plain-feel issue of the marijuana that was found in his pocket." Under these circumstances, denial of defendant's appeal on the Crosby reservation would, given the understanding of the court, defense counsel, and the state, which had no objection to the time-saving procedure, jeopardize the voluntariness of defendant's guilty plea. Crosby, 338 So.2d at 586 ("If we are not able to afford the accused their bargained-for appellate review, we must set aside the guilty pleas. The plea could not therefor be characterized as voluntary, because of the non-performance of the plea bargain . . . by virtue of which the plea was obtained.") (citations omitted).
WEIMER, J., recused.