ROLAND L. BELSOME, Judge.
|,STATEMENT OF THE CASE:
On March 12, 2007, defendant was charged with three counts of unauthorized use of a motor vehicle, violations of La. R.S. 14:68.4. The defendant entered pleas of not guilty on April 2, 2007. Following a May 25, 2007 preliminary hearing, the district court found probable cause to hold defendant for trial and increased defendant’s bond to $15,000.00. Subsequently, the state nolle prosequied count one. Defendant pleaded guilty to counts two and three pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, (1970). He was sentenced to serve three years at hard labor with credit for time served and concurrent with each other. Defendant was recommended for participation in the Impact Program. The state filed a multiple bill of information against defendant. On July 3, 2007, the district court converted defendant’s guilty plea from an Alford plea to a plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976).[1]
This appeal arises from the third count of the Bill of Information. The following *617 facts were adduced from the testimony taken at the preliminary hearing conducted relating to that third count.
| .¿Officer Glenell Sentino testified that on December 26, 2006 he was assigned to the Second District. He stated that as he was leaving a call on Annunciation Street he observed a red Jaguar at the intersection with Leontine Street. He noticed the driver looked very young. Officer Sentino recalled a report of a stolen red Jaguar he received while working the desk on December 23, 2006. He called for additional units and subsequently pulled the Jaguar over on Exposition Boulevard and Magazine Street. The defendant was driving the Jaguar. A check of the vehicle’s identification number revealed the Jaguar was reported stolen. The license plate had been switched with a temporary plate. The owner was notified, and she retrieved the Jaguar. Defendant and his passenger were placed under arrest for possession of a stolen vehicle.
On cross-examination, Officer Sentino testified that a temporary license plate cannot be run through NCIC. He further stated that defendant did not make any statements at the time.

ERRORS PATENT:

A review for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1:

By his sole assignment of error defendant asserts that Officer Sentino had no reasonable suspicion to stop the Jaguar. Specifically, defendant argues that Officer Sentino made no effort prior to stopping defendant to confirm if the Jaguar was the same car reported stolen three days earlier; he did not run the temporary tag number, did not articulate when or where the car was stolen, and did not check to |ssee if the stolen Jaguar had since been recovered. He asserts that the evidence obtained as a result of the illegal stop should have been suppressed.[2]
Police officers may stop a person whom they “reasonably believe is committing, has committed, or is about to commit an offense.” La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In making a brief investigatory stop on less than probable cause to arrest, the police “‘must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.’ ” State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 (quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)).
In determining whether the police possessed the requisite “ ‘minimal level of objective justification’ ” for an investigatory stop based on reasonable suspicion of criminal activity, United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) (quoting INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984)), reviewing courts “must look at the ‘totality of the circumstances’ of each case,” a process which “allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that ‘might well elude an untrained person.’ ” United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2002)(quoting United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 695, *618 66 L.Ed.2d 621 (1981)). The assessment by a reviewing court of the cumulative information known to the officers avoids a “divide-and-conquer analysis” by which the whole becomes less than the sum of its parts because each circumstance examined individually may appear “readily susceptible to an innocent explanation.” Arvizu, 534 U.S. at 276, 122 S.Ct. at 751.
State v. Johnson, 2001-2081, pp. 2-3 (La.4/26/02), 815 So.2d 809, 811.
In the instant case, Officer Sentino testified that while working the desk at the Second District Police Station three days before he stopped defendant, he took |4a report of a stolen red Jaguar automobile. Seventy-two hours later while patrolling the Second District he observed a red Jaguar being driven by a young driver with a young passenger. He was unable to check the validity of the temporary license tag because his patrol car was not equipped with the necessary equipment to check a temporary tag. Applying the totality of the circumstances test, the brief detention of defendant to check the vehicle’s identification number to determine if the vehicle was stolen was not unreasonable. Red Jaguars are not common vehicles, and it was observed in the same area where the subject vehicle was stolen. Officer Sentino took the least intrusive action available to him. Considering the facts and circumstances of this case, the district court did not abuse its discretion in finding probable cause to hold defendant on all three counts.

CONCLUSION:

For the reasons discussed defendant’s convictions and sentences are affirmed.
AFFIRMED

. On May 30, 2008, defendant was adjudicated a double offender. Sentencing on the multiple bill was set for October 3, 2008. Any appeal from defendant's sentencing will be filed separately as a new appeal.

. Counsel did not file a motion to suppress the evidence, but argued at the hearing that Officer Sentino had no legal basis to stop the Jaguar, Accordingly, there was no express ruling on a motion to suppress. However, defendant argues, the district court implicitly denied suppression of the evidence when the court ruled that there was probable cause to hold defendant for trial on all three counts.