# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2020 KA 0412

## STATE OF LOUISIANA

### VERSUS

## AARON MAURICE YOUNG

**Judgment Rendered:** MAR 1 8 2021

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Number 02-18-0633

Honorable Beau Higginbotham, Judge Presiding

* * * * * *

| | |
|---|---|
| Hillar C. Moore, III<br>District Attorney<br>Dylan C. Alge<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>State of Louisiana |
| | |
| Bruce G. Whittaker<br>New Orleans, Louisaiana | Counsel for Defendant/Appellant<br>Aaron Maurice Young |

* * * * * *

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**McCLENDON, J.**

The defendant, Aaron Maurice Young, was charged by bill of information with one count of possession of a Schedule II controlled dangerous substance (count I), a violation of LSA-R.S. 40:967(C); and one count of illegal carrying of a weapon while in possession of a controlled dangerous substance (count II), a violation of LSA-R.S. 14:95(E). He initially pled not guilty on both counts. The defendant moved to suppress the evidence the State intended to use against him, alleging it was seized in violation of his federal and state constitutional rights. Following a hearing, the motion to suppress evidence was denied. Thereafter, in exchange for the dismissal of count II and forfeiture of the seized firearm, the defendant pled guilty to count I,[1] reserving his right to seek review of the court's ruling on the motion to suppress. See **State v. Crosby**, 338 So.2d 584, 588 (La. 1976). The court sentenced the defendant to two years at hard labor. The defendant now appeals, contending the court erred in denying the motion to suppress evidence. For the following reasons, we affirm the conviction and sentence.

## FACTS

On January 15, 2018, Baton Rouge City Police Officer Gabrielle Collins was on patrol in the area of North 26th Street in Baton Rouge, a high-crime area that Officer Collins testified was known for the illegal sale of narcotics. Officer Collins saw a vehicle driven by the defendant fail to signal before turning. Officer Collins activated the lights and siren on her police car to initiate a traffic stop for the traffic regulation violation.

The defendant did not immediately stop the vehicle; rather, he made two turns before ultimately stopping on North 27th Street. On the basis of her almost five years experience with the Baton Rouge City Police Department, including a year and one-half experience in the Street Crimes Unit in high-crime areas, Officer Collins was aware that when someone fails to submit to a traffic stop "it's usually indicative, . . . that they're hiding something or attempting to conceal something in the vehicle." Accordingly, Officer Collins asked the defendant, who was the sole occupant of the vehicle, to exit the vehicle. The defendant complied with the request.

---

[1] The State allowed the defendant to plead guilty to count I as charged and specified that count I charged possession of less than 2 grams of cocaine.

2

Officer Collins then conducted a pat down search of the defendant. During the search, Officer Collins felt something that was consistent with or felt like pebbles in the defendant's pocket and asked him what he had in his pocket. The defendant did not respond. Thereafter, Officer Collins retrieved several "crack rocks" from a bag in the defendant's pocket. A subsequent search of the vehicle that the defendant had been driving also revealed the presence of a .25 caliber handgun in "the driver's[-]side door" and a "baggie of marijuana" in the center console.

## MOTION TO SUPPRESS

In his sole assignment of error, the defendant argues the court erred in denying the motion to suppress because Officer Collins failed to articulate particular facts upon which to reasonably conclude that there was a substantial possibility that the defendant was armed and dangerous prior to frisking him for weapons.

When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving the admissibility of any evidence seized without a warrant. LSA-C.Cr.P. art. 703(D). When a court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the court's discretion, *i.e.*, unless such ruling is not supported by the evidence. However, a court's legal findings are subject to a *de novo* standard of review. **State v. Conklin**, 2018-0718 (La.App. 1 Cir. 2/28/19), 274 So.3d 675, 680, writ denied, 2019-00665 (La. 10/8/19), 280 So.3d 591.

The Fourth Amendment to the United States Constitution and La. Const. art. I, § 5, protect people against unreasonable searches and seizures. Measured by this standard, LSA-C.Cr.P. art. 215.1, as well as federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed, or is about to commit a crime. In making a brief investigatory stop on less than probable cause to arrest, the police must have a particularized and objective basis for suspecting the person stopped of criminal activity. The police must therefore articulate something more than an inchoate and unparticularized suspicion or hunch. This level of suspicion, however, need not rise to the probable cause required for a lawful arrest. The police need only

3

have some minimal level of objective justification. A reviewing court must take into account "the totality of the circumstances—whole picture," giving deference to the inferences and deductions of a trained police officer "that might well elude an untrained person." **State v. Huntley**, 97-0965 (La. 3/13/98), 708 So.2d 1048, 1049 (per curiam) (quoting **United States v. Cortez**, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)).

Louisiana Code of Criminal Procedure article 215.1(B) provides that when a law enforcement officer has stopped a person for questioning and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. Further, if the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person. LSA-C.Cr.P. art. 215.1(B). It is not necessary for an investigating officer to establish that a detained individual was more probably than not armed and dangerous in order to justify a pat-down for weapons. Rather, it is sufficient if the officer establishes a substantial possibility of danger by pointing to particular facts that support such a reasonable inference. **State v. Lowery**, 2004-0802 (La.App. 1 Cir. 12/17/04), 890 So.2d 711, 719, writ denied, 2005-0447 (La. 5/13/05), 902 So.2d 1018. Additionally, if a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context. **Minnesota v. Dickerson**, 508 U.S. 366, 375-76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993). "[I]mmediately-apparent" requires no more than "probable cause to associate the property with criminal activity." **State v. DuPont**, 2014-0497 (La.App. 1 Cir. 11/7/14), 2014 WL 5801488 at *3, writ denied, 2014-2595 (La. 9/18/15), 178 So.3d 145, cert. denied, ___ U.S. ___, 136 S.Ct. 985, 194 L.Ed.2d 8 (2016); see **Texas v. Brown**, 460 U.S. 730, 741-42, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983).

The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. The standard is a purely objective

4

one that does not take into account the subjective beliefs or expectations of the detaining officer. Although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. **State v. Waters**, 2000-0356 (La. 3/12/01), 780 So.2d 1053, 1056 (per curiam). Officer Collins therefore acted lawfully in initiating a traffic stop after observing the defendant fail to signal prior to turning.

When applying the totality of the circumstances test, the United States Supreme Court considers several factors particularly relevant, including the location and time of the stop, as well as the defendant's actions preceding the stop. Although an individual's presence in a "high-crime area," alone, is insufficient to support a reasonable suspicion of criminal activity, the United States Supreme Court has held that a location's characteristics are relevant in determining whether the circumstances are sufficiently suspicious to warrant further investigation. **Illinois v. Wardlow**, 528 U.S. 119, 124, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000); **State v. Morgan**, 2009-2352 (La. 3/15/11), 59 So.3d 403, 406. An individual's nervous, evasive behavior is also a pertinent factor in determining whether an officer had reasonable suspicion. **Wardlow**, 528 U.S. at 124, 120 S.Ct. at 676; **Morgan**, 59 So.3d at 406. Given the highly suspicious nature of flight from a police officer, the amount of additional information required in order to provide officers a reasonable suspicion that an individual is engaged in criminal behavior is greatly lessened. **Id.**, 59 So.3d at 409.

At the hearing on the motion to suppress evidence, the court specifically found that this incident occurred in a high-crime area. Within this context, Officer Collins witnessed a vehicle driven by the defendant commit a traffic violation and attempted to initiate a traffic stop of the vehicle. Rather than immediately comply with the traffic stop, the defendant attempted to evade Officer Collins. Officer Collins testified that based on her experience, the defendant's attempt to evade was indicative that the defendant was concealing something, or attempting to conceal something, in the vehicle.

The court accepted Officer Collins' testimony that she did not know what the defendant's intentions were after he attempted to evade her, and that she conducted a

5

pat down search of the defendant "based upon her suspicions," and based upon "not knowing what [the defendant] was about to do." The court further noted that during the pat down search, Officer Collins felt a substance "which she believed was contraband[,] . . . and it, ultimately, was contraband." Officer Collins arrested the defendant on the basis of the contraband, and a subsequent search of the vehicle, incident to arrest, revealed marijuana and a weapon.

Thus, the court concluded that the initial traffic stop was justified on the basis of a traffic violation. The court further concluded that "because of the defendant's actions and not submitting to [Officer Collins'] authority, initially" and "his attempt to evade this officer in this high crime area at this time and what [the defendant] was doing," Officer Collins was justified in conducting a pat down search of the defendant for her safety, which led to the discovery of the contraband and other items incident to arrest. Having thoroughly reviewed the record before us, we find that the traffic stop of the vehicle the defendant was driving was supported by probable cause to believe he had violated LSA-R.S. 32:104(B). After Officer Collins attempted to initiate the traffic stop, the defendant attempted to evade Officer Collins. At that point, based on Officer Collins' experience, she became concerned for her safety. This occurred in a high-crime area known for the illegal sale of narcotics. Given the totality of the circumstances, the events at issue warranted the subsequent pat down search of the defendant during which the cocaine was discovered. The court did not abuse its discretion in the denial of the motion to suppress evidence. This assignment of error is without merit.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0412

STATE OF LOUISIANA

VERSUS

AARON MAURICE YOUNG

**GUIDRY, J., dissents and assigns reasons.**

**GUIDRY, J., dissenting.**

I respectfully dissent from the majority's opinion. I do not find upon my review of the record in this matter that the officer who conducted the pat down of the defendant articulated particularized facts upon which to reasonably conclude that there was a substantial possibility that the defendant was armed and dangerous prior to allegedly frisking him for weapons. Defendant's presence in a so called "high crime area" alone is certainly insufficient to support a reasonable suspicion that the defendant was armed and presented a danger to the officer. The defendant allegedly made two turns and according to the officer stopped in the middle of the second street he could have stopped on after she turned on her lights and sirens. The defendant exited his vehicle when asked to do so, and the officer did not recount any furtive conduct on his part after he exited. Even with regard to the defendant not immediately coming to a stop, the officer did not testify that not doing so was indicative of an individual being armed and dangerous, simply that in her experience that they are hiding something or attempting to hide something in the vehicle. She did not say that it was indicative of them having a weapon or being dangerous. In view of the totality of the circumstances and what was

articulated by the officer, I respectfully dissent from the majority's opinion in this matter.